Leonard M. Shulman – Bar No. 126349
Robert E. Huttenhoff – Bar No. 214447
**SHULMAN HODGES & BASTIAN LLP**
100 Spectrum Center Drive, Suite 600
Irvine, California 92618
Telephone:     (949) 340-3400
Facsimile:     (949) 340-3000
Email:         lshulman@shbllp.com
               rhuttenhoff@shbllp.com

Attorneys for John M. Wolfe, Chapter 7 Trustee
for the bankruptcy estate of Beneficial Services, Inc.

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No.  8:11-bk-11153-ES |
| **BENEFICIAL SERVICES, INC.,** | Chapter 7 |
| Debtor. | **CHAPTER 7 TRUSTEE'S MOTION FOR ORDER APPROVING SETTLEMENT AND COMPROMISE OF DISPUTES UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 BETWEEN THE BANKRUPTCY ESTATE, BENEFICIAL R.E., INC., G. THOMAS FINANCIAL, INC. AND TIMOTHY THOMAS; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF JOHN M. WOLFE IN SUPPORT THEREOF** |
| | [No Hearing Set Pursuant to Local Bankruptcy Rule 9013-1(o)] |

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

Z:\A-B\Beneficial Services\Pld\Settlement Mtn - Insider.docx
4405-000/56

**TO THE HONORABLE ERITHE A. SMITH, UNITED BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE AND ALL INTERESTED PARTIES:**

## I.    INTRODUCTION

John M. Wolfe, solely in his capacity as the Chapter 7 trustee ("Trustee") for the bankruptcy estate ("Estate") of Beneficial Services, Inc. ("Debtor") hereby brings this Motion for Order Approving Settlement and Compromise under Rule 9019 ("Settlement Motion") between the Estate, Beneficial R.E., Inc., a California corporation ("Beneficial R.E."), G. Thomas Financial, Inc., a California corporation ("Thomas Financial") and Timothy Thomas, an individual ("T. Thomas") (collectively referred to herein as "Defendants").   As part of the underlying settlement, Gary Thomas, an individual ("G. Thomas") has agreed to guarantee, personally, the financial obligations of all other Defendants, including Beneficial R.E., Thomas Financial and T. Thomas as set forth in the Settlement Agreement (collectively Defendants and G. Thomas shall be referred to herein as the "Settling Parties").

Through the Settlement Motion, the Trustee requests approval of the Settlement Agreement ("Agreement"), a true and correct copy of which is attached as **Exhibit "1"** to the Declaration of John M. Wolfe ("Wolfe Decl.") attached hereto.  As set forth below, the Trustee believes the interests of the creditors and the Estate are best served if this Court approves the proposed settlement under the four factors set forth by *A and C Properties*.   While the probability of success in litigation is high, the difficulty of collection weighs heavily in favor of settling as well as the expenses anticipated in proceeding to trial.  The Trustee has reviewed the finances of Beneficial R. E. and believes that there are limitations in recovering on a large judgment if the Estate were to proceed to trial and prevail.  Similarly, the Trustee believes that there are limitations in recovery from T. Thomas and Thomas Financial such that the proposed settlement is in the best interest of the Estate.  Settlement of the Adversary Proceeding (defined below) results in certainty and provides a substantial benefit to the Estate.   Through the settlement, the Estate receives a minimum of $45,000.00 and a waiver of general unsecured claims filed by G. Thomas and the Thomas Family Trust in the total amount of $4,288,750.00

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

Z:\A-B\Beneficial Services\Pld\Settlement Mtn - Insider.docx
4405-000/56

(consisting, in part, of an $11,725.00 priority unsecured claim). The $45,000.00 shall be paid to the Estate over the prior of eighteen (18) months. In the event there is a default that is not cured, the Settling Parties have entered into a Stipulated Judgment and Confession of Judgment in favor of the Estate in the total amount of $85,000.00 against Beneficial R.E., Thomas Financial and G. Thomas. Accordingly, and based on the Trustee's good business judgment, the Trustee respectfully requests the Court approve the Settlement Motion.

## II.    RELEVANT FACTS

### A.    The Bankruptcy Case

On January 26, 2011, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, commencing Case No. 8:11-bk-14904-ES ("Petition Date").

On September 16, 2011, the Court entered an order converting the Debtor's bankruptcy case to one under Chapter 7 of the Bankruptcy Code ("Conversion Date").

John M. Wolfe is the duly appointed, qualified and acting Chapter 7 Trustee for the Debtor's Estate.

### B.    The Adversary Proceeding

Upon his appointment, the Trustee began his review of the Debtor's finances. Specifically, the Trustee commenced a review of the Debtor's Monthly Operating Reports ("Operating Reports") during the Chapter 11 bankruptcy case. The Operating Reports revealed that the Debtor had commingled funds with Beneficial R.E., a separate California corporation with common ownership to that of the Debtor (both entities were owned by Thomas Financial). Inexplicably, the Chapter 11 professional failed to notice the specific references in the Operating Reports which reflected the commingling of funds. While the Debtor was in a liquidating Chapter 7 bankruptcy case, Beneficial R.E. continued to operate as an active business outside of bankruptcy.

On or about January 25, 2013, the Trustee filed a Complaint against Defendants Beneficial R.E., Thomas Financial, G. Thomas, T. Thomas, and Steven Thomas ("S. Thomas") for: 1) Unjust Enrichment; 2) Breach of Fiduciary Duty – Constructive Fraud; 3) Aiding and Abetting a Breach of Fiduciary Duty; 4) Civil Conspiracy; 5) Conversion; 6) Fraudulent Transfer

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

2

Z:\A-B\Beneficial Services\Pld\Settlement Mtn - Insider.docx
4405-000/56

1  [11 U.S.C. §544, 548; California Civil Code § 3439.04, 3439.07, 3439.09)]; 7) Fraudulent

2  Transfer [11 U.S.C. §544, 548; California Civil Code §3439.04, 3439.05, 3439.07, 3439.09)]; 8)

3  Imposition of a Constructive Trust or Resulting Trust; 9) Comparative Indemnity; 10)

4  Substantive Consolidation; 11) Accounting; 12) Declaratory Relief; 13) Injunctive Relief; 14)

5  Preferential Transfer [11 U.S.C. §§ 547(b)]; 15) Recovery of Transfer [11 U.S.C. § 550]; and 16)

6  Waiver of Claim [11 U.S.C. § 502] ("Complaint") commencing the adversary proceeding

7  entitled *John M. Wolfe, solely in his capacity as the Chapter 7 Trustee for the bankruptcy estate*

8  *of Beneficial Services, Inc. v. Beneficial R.E., Inc., a California corporation; G. Thomas*

9  *Financial, Inc., a California corporation, and Timothy Thomas, an individual, Adversary Case*

10 *No. 8:13-ap-01038-ES* ("Adversary Proceeding").

11      With regard to Beneficial R.E., the Complaint alleged that this entity failed to act at arm's

12 length with the Debtor or properly comply with corporate formalities.  As such, the Complaint

13 alleged that Beneficial R.E. was the alter ego of the Debtor and/or should be substantively

14 consolidated with the Debtor ("Alter Ego Claims").  Thomas Financial is the holding company

15 which owns one hundred percent (100%) of the stock of the Debtor and Beneficial R.E.  The

16 Trustee is informed that Thomas Financial does not have any other assets.

17      With regard to G. Thomas, T. Thomas and S. Thomas, the Complaint alleged that these

18 individuals – all of whom were listed as officers of the Debtor – had breached their fiduciary

19 duty to the Debtor's creditors.  In addition, the Complaint alleged that certain payments by the

20 Debtor to these individuals constituted constructive fraudulent transfer claims that were

21 recoverable by the Trustee for the benefit of the bankruptcy estate ("Insider Claims").

22      Prior to filing of the Complaint and unbeknownst to the Trustee, G. Thomas filed a

23 voluntary petition for Chapter 7 bankruptcy entitled In re Gary Okla Thomas and Frances Ann

24 Thomas, Case No. 8:12-bk-18000-ES ("G. Thomas Bankruptcy Case") on June 29, 2012.  The

25 Trustee was not listed as a creditor or otherwise served a copy of the Notice of Chapter 7

26 Bankruptcy Case, Meeting of Creditors, & Deadlines.  On July 26, 2013, the Parties filed a

27 Stipulation to Dismiss Gary Thomas, individually and in his capacity as the Trustee of the

28 Thomas Family Trust and on July 29, 2013, the Court entered an Order approving the Stipulation

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

3

Z:\A-B\Beneficial Services\Pld\Settlement Mtn - Insider.docx
4405-000/56

1   dismissing G. Thomas, individually and in his capacity as the Trustee of the Thomas Family

2   Trust as a defendant in this Adversary Proceeding.

3          Prior to filing the Complaint and unbeknownst to the Trustee, S. Thomas filed a

4   voluntary petition for Chapter 7 bankruptcy entitled In re Steven Patrick Thomas and Tiann

5   Marie Thomas, Case No. 8:11-bk-22170-ES ("S. Thomas Bankruptcy Estate") on August 30,

6   2011. The Trustee was not listed as a creditor or otherwise served a copy of the Notice of

7   Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines. On July 26, 2013, the Parties

8   filed a Stipulation to Dismiss Steven Patrick Thomas and on July 29, 2013, the Court entered an

9   Order approving the Stipulation dismissing S. Thomas as a defendant in this Adversary

10  Proceeding.

11         On or about December 24, 2013, the Trustee filed a First Amended Complaint for: 1)

12  Unjust Enrichment; 2) Breach of Fiduciary Duty – Constructive Fraud; 3) Aiding and Abetting a

13  Breach of Fiduciary Duty; 4) Conversion; 5) Fraudulent Transfer [11 U.S.C. §544, 548;

14  California Civil Code § 3439.04, 3439.07, 3439.09)]; 6) Fraudulent Transfer [11 U.S.C. §544,

15  548; California Civil Code §3439.04, 3439.05, 3439.07, 3439.09)]; 7) Imposition of a

16  Constructive Trust or Resulting Trust; 8) Comparative Indemnity; 9) Substantive Consolidation;

17  10) Accounting; 11) Declaratory Relief; 12) Injunctive Relief; 13) Preferential Transfer [11

18  U.S.C. §§ 547(b)]; and 15) Recovery of Transfer [11 U.S.C. § 550] ("FAC").

19         On or about January 27, 2014, Defendants filed an Answer to the FAC.

20  C.    **The Settlement Negotiations**

21         As noted above, both G. Thomas and S. Thomas filed personal Chapter 7 bankruptcy

22  cases. In each case, the Chapter 7 Trustee for the respective bankruptcy cases filed "No Asset

23  Reports" – meaning that there would be no distribution to their respective creditors. Thereafter,

24  the parties received discharges which precluded the Trustee from holding these parties liable for

25  any monetary damages.

26         Also noted above, Thomas Financial is the holding company which owns one hundred

27  percent (100%) of the stock of the Debtor and Beneficial R.E. The Trustee is informed that

28  Thomas Financial does not have any other assets.

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

Z:\A-B\Beneficial Services\Pld\Settlement Mtn - Insider.docx
4405-000/56

1    During the course of settlement negotiations, representatives for Beneficial R.E. provided

2 the Trustee with financial records, including filed state and federal tax returns, balance sheet

3 statements, profit & loss statements and related financial documents. Based on these financial

4 statements, the Trustee concluded that Beneficial R.E. has limited assets available for liquidation

5 and is reportedly generating nominal profit from business activities. The Trustee has also

6 conducted a review of T. Thomas' assets and concluded that he has limited non-exempt assets

7 and income from which the Trustee could recover.

8    As a material part of the Agreement and despite having been discharged from acts that

9 pre-dated the G. Thomas Bankruptcy Case, G. Thomas has agreed to personally guarantee the

10 financial obligations of all other settling parties including Beneficial R.E., Thomas Financial and

11 T. Thomas. The Trustee has taken the position that the acts which give rise to the Agreement

12 occurred after the G. Thomas Bankruptcy Case.

13 **D.**    **Settlement of Claims**

14    The Trustee and the Settling Parties desire to settle and resolve any and all disputes,

15 claims, actions, causes of action, demands and damages without further time or expense and in

16 order to eliminate the need for costly litigation.

17    Subject to Court approval, the Trustee and the Settling Parties (collectively referred to

18 herein as the "Parties") entered into the Agreement, which is attached as **Exhibit "1"** to the

19 Wolfe Decl. The principal terms of the Agreement are as follows:

20    •    Stipulate to Judgment. Defendant Beneficial R.E. and Thomas Financial shall

21 execute a stipulated judgment in the amount of $85,000.00 in favor of the Trustee ("Stipulated
Judgment"). In addition, G. Thomas shall personally guarantee the Stipulated Judgment and

22 concurrently sign a confession of judgment for the amount of $85,000.00 in favor of the Trustee
("Confession of Judgment") such that both Defendants Beneficial R.E. and Thomas Financial are

23 jointly liable for the judgment amount in the total amount of $85,000.00, and such that G.
Thomas is the personal guarantor of the total judgment amount of $85,000.00. No interest shall

24 accrue on the judgment. Attached as **Exhibit "A"** to the Agreement is a copy of the Stipulated

25 Judgment and the Confession of Judgment. The Confession of Judgment shall not be filed with
the Superior Court unless and until there is a breach of this Agreement that is not cured by

26 Section 2.4 below.

27 ///

28 ///

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

5

Z:\A-B\Beneficial Services\Pld\Settlement Mtn - Insider.docx
4405-000/56

- **Satisfaction of Judgment**. If a total of $45,000.00 is paid to Plaintiff in the aggregate on or before September 15, 2016, the Judgment and Confession of Judgment shall be deemed satisfied in full.

- **Forbearance from Collection**. Plaintiff agrees to forebear from any collection efforts against Defendant Beneficial R.E., Thomas Financial and G. Thomas, provided that Defendant Beneficial R.E., Thomas Financial and Gary Thomas comply with the following payment agreement:  Defendant Beneficial R.E., Thomas Financial and G. Thomas shall pay Plaintiff $2,500.00 each month, commencing on March 15, 2015, and continuing on the 15th day of each month, until September 15, 2016.  Payments shall be made payable to "John M. Wolfe, in his capacity as Chapter 7 Trustee" at 5450 Trabuco Road, Irvine, CA 92620.

- **Waiver of Claims**.  The Settling Parties agree that entry of a Court order approving this Agreement shall constitute a waiver of the Thomas Family Trust Claim and the Gary Thomas Claim, plus any claim which the Settling Parties might otherwise be entitled pursuant to 11 U.S.C. § 502(h).

- **Personal Guarantee**.  As part of the consideration of this agreement, G. Thomas agrees that he shall be personally liable for the obligations of the Settling Parties in accordance with this Agreement.

- **Motion for Approval of Compromise**.   Upon receipt of a fully executed copy of this Agreement and all related documents, the Trustee shall promptly file a motion with the Bankruptcy Court to obtain approval of this Agreement ("Compromise Motion").   This Agreement is contingent upon and expressly conditioned on the issuance of an order by the Bankruptcy Court in the Chapter 7 proceeding approving this Agreement pursuant to Federal Rule of Bankruptcy Procedure 9019.  Unless and until approved by the Bankruptcy Court, this Agreement set forth herein are of no force or affect whatsoever. The Parties acknowledge that this Agreement is the result of extensive good faith negotiations between the Parties and is not to be construed as an admission of liability on the part of any of the Parties hereto, their agents, employees or officers, by whom liability is expressly denied. The Parties are bound by this Agreement subject only to Bankruptcy Court approval and waive any right to object to approval by the Bankruptcy Court.

- **Adversary Proceeding Remains Open**.  The adversary proceeding shall remain open pending compliance with the payment obligations provided for in section 2.2.  Upon payment in full in accordance with this Agreement, Plaintiff shall file a stipulation to dismiss the FAC with prejudice.

- **Jurisdiction of the Bankruptcy Court**.  Should any dispute arise regarding this Agreement, the United States Bankruptcy Court for the Central District of California, Santa Ana Division shall have exclusive jurisdiction to determine the same.

- **Trustee Capacity**.  The Trustee is signing this Agreement in his capacity solely as Chapter 7 Trustee for the Estate.  Nothing contained herein shall in any way impute liability to the Trustee, personally or as a member of any professional organization, or anyone acting on his behalf, including but not limited to his counsel, Shulman Hodges & Bastian LLP.

///

**SHULMAN HODGES &
BASTIAN LLP**
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6

Z:\A-B\Beneficial Services\Pld\Settlement Mtn - Insider.docx

4405-000/56

## III.    ARGUMENT

**A.    Upon Approval by the Court, the Trustee May Compromise a Claim of the Estate**

The power of the Court to review and approve settlements is expressly recognized in Federal Rule of Bankruptcy Procedure, Rule 9019(a), which provides:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement.  Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Thus, upon notice to the creditors, the United States Trustee, the Debtors, and indenture trustees, the Trustee may compromise a claim of the Estate.  The approval of a compromise is a core proceeding under 28 U.S.C. §157(b)(2)(A) and (O).  *In re Carla Leather, Inc.*, 50 B.R. 764, 775 (S.D.N.Y. 1985).

**B.    The Bankruptcy Court May Approve a Compromise Which is Fair and Equitable**

The purpose of a compromise agreement between a debtor and a creditor is to allow the parties to avoid the expenses and burdens associated with litigation.  *Martin v. Kale (In re A & C Properties)*, 784 F.2d 1377, 1380-81 (9th Cir. 1986), *cert. denied sub nom, Martin v. Robinson*, 479 U.S. 854 (1986).   The bankruptcy court has great latitude in approving compromise agreements as long as it finds that the compromise is fair and equitable.  *Id.* at 1382; *see also, Woodson v. Fireman's Fund Ins. Co. (In re Woodson)*, 839 F.2d 610, 620 (9th Cir. 1988).  Generally, the benchmark in determining the propriety of a settlement is whether the settlement is in the best interests of the estate and its creditors.  *In re Energy Cooperative, Inc.*, 886 F.2d 921, 927 (7th Cir. 1989.  To be approved, the settlement need not represent the highest possible return to the estate, but merely must fall within the "range of reasonableness."  *In re Walsh Construction, Inc.*, 669 F.2d 1325, 1328 (9th Cir. 1992).  In making this determination, the bankruptcy court need not conduct a trial or even a "mini trial" on the merits.  *Id*.

In determining the fairness, reasonableness and adequacy of a proposed settlement agreement, the Court must consider the following factors:

> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending it; (d)

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

7

Z:\A-B\Beneficial Services\Pld\Settlement Mtn - Insider.docx
4405-000/56

the paramount interests of the creditors and a proper deference to their reasonable views in the premises.

*A & C Properties,* 784 F.2d at 1381; *Woodson*, 839 F.2d at 620.  In other words, the Court must weigh certain factors in order to determine whether the compromise is in the best interests of the bankrupt estate.  *A & C Properties*, 784 F.2d at 1382.

The Trustee believes the proposed Agreement is in the best interest of the Estate. Pursuant to the four factors enumerated in *A&C Properties*, the Agreement should be approved, because it provides for the most expedient and cost effective method for resolving the Adversary Proceeding.

### 1.    The Probability of Success in Litigation

The Adversary Proceeding is a lawsuit for Alter Ego and Insiders Claims, including avoidance and recovery of the alleged transfers against T. Thomas.  The Trustee has obtained extensive documents which support the Alter Ego and Insiders Claims.  In addition, the Court has entered an order which contains substantial admitted facts that are damaging to the Defendants case.  As such, the probability of success in litigation is high.

### 2.    Difficulties, if any, to be Encountered in the Matter of Collections

While the probability of success is high, the difficulty of collection weighs strongly in favor of settling.  Assuming the Trustee is successful in the Adversary Proceeding and prevails against Beneficial R.E. on the Alter Ego Claims.  The Trustee would then have to spend the time and money collecting the monies from Beneficial R.E.  However, the Trustee is aware that Beneficial R.E.'s business is essentially a service provider that only generates income from providing services.  The company does not have any meaningful tangible assets from which the Estate could liquidate and recover in the event it obtained a judgment.  In fact, Beneficial R.E. would have the option of filing bankruptcy and the Estate would recover nothing.

Similarly, Thomas Financial is a holding company whose sole assets consist of the shares of stock in Beneficial R.E. and the Debtor.  As such, there is no recoverable available to the Trustee from this entity.  In addition, the Trustee has investigated the financial condition of T. Thomas and concluded that there is not any meaningful recovery available to the Estate in the event that the Trustee were to obtain a judgment against T. Thomas.

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

Z:\A-B\Beneficial Services\Pld\Settlement Mtn - Insider.docx
4405-000/56

Accordingly, even if the Trustee pursued and prevailed upon his claims, he would face a problematic collection scenario and could well spend years trying to recoup the funds expended obtaining the judgment. Therefore, this factor weighs heavily in favor of court approval of the settlement.

**3.      The Complexity of the Litigation Involved, and the Expense, Inconvenience, and Delay Necessarily Attending It**

Under the terms of the Agreement, the Trustee and Settling Parties desire to settle and resolve any and all disputes regarding the Adversary Proceeding without further time or expense and in order to eliminate the need for costly litigation.  The Trustee understands the risks inherent in any litigation.  The Trustee would have to litigate the dispute with the Settling Parties, prevail at trial or in mediation, and perhaps respond to appeals.

The Adversary Proceeding is not legally complex as a number of facts have been admitted in the Joint Pre-Trial Order.  However, there would be expense, inconvenience and delay in continuing to pursue litigation against the Settling Parties.  The Trustee would have to prepare for trial, try the case and perhaps respond to any appeals, which would be costly to the creditors.  Rather than delay the matter and incur expenses or resources, the Trustee has determined that the settlement reached is fair and reasonable and will net the Estate more than if the Estate were to proceed to trial.  Based thereon, the Trustee believes the proposed settlement and compromise is the most expedient and cost effective method for resolving the Adversary Proceeding.

**4.      The Paramount Interest of the Creditors and the Proper Deference to the Reasonable View**

The Agreement should be approved as a means of preserving assets and enhancing the value of the Estate.  The Agreement avoids costly and risky activities related to litigation of the Adversary Proceeding.  Settlement results in certainty and substantial benefit to the Estate in that:

///

///

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

9

Z:\A-B\Beneficial Services\Pld\Settlement Mtn - Insider.docx
4405-000/56

- The Estate will receive a payment in the total amount of $45,000.00

- The Estate will receive the benefit of a waiver of the priority unsecured claim owed to G. Thomas in the amount of $11,725.00.

- The Estate will receive the benefit of a waiver of general unsecured claims filed by G. Thomas and the Thomas Family Trust in the total amount of $4,288,750.00

- The costs to the Estate to continue the Adversary Proceeding and litigate the issues would have reduced the amount of funds available for distribution to creditors; and

- The cost of continuing to pursue litigation would most likely exceed any additional benefit that might be achieved as the Agreement provides a certain and immediate distribution to unsecured creditors. The Agreement reached provides certainty and ceases the accrual of unnecessary expenses, while eliminating delay.

In summary, the Agreement is based on the Trustee's good business judgment and therefore approval of the Settlement Motion is proper.

### IV.    APPROVING THE MOTION WITHOUT A HEARING IS PROPER

Local Bankruptcy Rule 9013-1(o)(1) provides as follows:

(1) Matters That May Be Determined Upon Notice of Opportunity to Request Hearing. Except as to matters specifically noted in subsection (o)(2) below, and as otherwise ordered by the court, any matter that may be set for hearing in accordance with LBR 9013-1 may be determined upon notice of opportunity to request a hearing.

Further, Bankruptcy Code Section 102(1)(B) provides that "after notice and a hearing", or a similar phrase-

(B) authorizes an act without an actual hearing if such notice is given properly and if-

(i) such a hearing is not requested timely by a party in interest; or

(ii) there is insufficient time for a hearing to be commenced before such act must be done, and the court authorizes such act;

The Trustee believes the Local Bankruptcy Rule 9013-1(o)(1) procedure is appropriate in this case as the Trustee does not anticipate any opposition to the Settlement Motion to be filed because the proposed settlement is fair, reasonable, will provide for a more efficient and cost effective administration of the Estate, and therefore, will serve the best interests of the Estate and

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

Z:\A-B\Beneficial Services\Pld\Settlement Mtn - Insider.docx
4405-000/56

its creditors.   Thus, the procedure will save the Estate the fees and costs associated with conducting a hearing on approval of a matter that the Trustee anticipates will not be opposed.

## V.    CONCLUSION

Based on the foregoing, the Trustee respectfully requests that the Court enter an order as follows:

1.    Granting the Settlement Motion;

2.    Approving the Agreement, a copy of which is attached as **Exhibit "1"** to the Wolfe Decl.;

3.    Authorizing the Trustee to execute any necessary documents to carry out the provisions as contemplated in the Agreement; and

4.    For such other and further relief as the Court deems just and proper.

Respectfully Submitted,

**SHULMAN HODGES & BASTIAN LLP**

Dated: April 6, 2015                  _/s/ Robert E. Huttenhoff_
                                      Leonard M. Shulman
                                      Robert E. Huttenhoff
                                      Attorneys for John M. Wolfe, Chapter 7 Trustee
                                      for the bankruptcy estate of Beneficial Services, Inc.

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

11

Z:\A-B\Beneficial Services\Pld\Settlement Mtn - Insider.docx
4405-000/56

# DECLARATION

## DECLARATION OF JOHN M. WOLFE

I, John M. Wolfe, declare and state as follows:

1.     I am the Chapter 7 trustee for the bankruptcy estate ("Estate") of Beneficial Services, Inc. ("Debtor"), Case No. 8:11-bk-11153-ES.  I have personal knowledge of the facts set forth herein and could, if called as a witness, I could and would competently testify thereto.

2.     I have read and I am aware of the contents of the Settlement Motion and the accompanying Memorandum of Points and Authorities.  The facts stated in the Settlement Motion and the Memorandum of Points and Authorities are true to the best of my knowledge.  Unless otherwise noted, capitalized terms herein have the meaning as set forth in the Settlement Motion and the Memorandum of Points and Authorities.

3.     Through the Settlement Motion, I request approval of the Agreement entered into between myself and the Settling Parties.  A true and correct copy of the Agreement is attached hereto as **Exhibit "1."**

4.     Before agreeing to enter into the settlement that is the subject of this Settlement Motion, I reviewed the risks and benefits of continuing with the litigation, and the benefits to the Estate which would result from the settlement.

5.     During the course of settlement negotiations, representatives for Beneficial R.E. provided the Trustee with financial records, including filed state and federal tax returns, balance sheet statements, profit & loss statements and related financial documents.  Based on these financial statements, I am informed that Beneficial R.E. has limited assets available for liquidation and is reportedly generating nominal profit from business activities.

6.     I an also informed that my counsel has conducted a review of T. Thomas' assets and concluded that he has limited non-exempt assets and income the Estate could recover.

7.     As a material part of the Agreement and despite having been discharged from acts that pre-dated the G. Thomas Bankruptcy Case, G. Thomas has agreed to personally guarantee the financial obligations of all other settling parties including Beneficial R.E., Thomas Financial and T. Thomas.

///

**SHULMAN HODGES &
BASTIAN LLP**
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

Z:\A-B\Beneficial Services\Pld\Settlement Mtn - Insider.docx
4405-000/56

1    8.    For the reasons stated in the Settlement Motion and the accompanying Points and

2  Authorities, and based on my years of experience as a Trustee, and my review of the benefits of

3  settlement, I believe it is in the best interest of the Estate to enter into the Agreement with the

4  Settling Parties.

5    I declare under penalty of perjury pursuant to the laws of the United States of America

6  that the foregoing is true and correct.

7    Executed this _6_ day of April 2015 at Irvine, California.

8    _____

9    John M. Wolfe

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

13

Z:\A-B\Beneficial Services\Pld\Settlement Mtn - Insider.docx
4405-000/56

# EXHIBIT 1

## SETTLEMENT AGREEMENT AND FORBEARANCE AGREEMENT

This Settlement Agreement ("Agreement") is entered into by and between John M. Wolfe, solely in his capacity as Chapter 7 Trustee ("Trustee") for the bankruptcy estate ("Estate") of Beneficial Services, Inc. ("Debtor"), and Beneficial R.E., Inc., a California corporation ("Beneficial R.E."); G. Thomas Financial, Inc., a California corporation, ("Financial") Timothy Thomas ("Timothy") and Gary Thomas ("Gary" or "Guarantor") (collectively referred to herein as "Settling Parties") (the aforementioned parties together shall be collectively referred to herein as the "Parties" and individually as "Party").

## I.

## RECITALS

This Agreement is made by the Parties, with reference to the following facts:

1.1     On January 26, 2011, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, commencing Case No. 8:12-bk-14904-ES ("Petition Date").

1.2     On September 16, 2011, the Court entered an order converting the Debtor's bankruptcy case to one under Chapter 7 of the Bankruptcy Code ("Conversion Date").

1.3     John M. Wolfe is the duly appointed, qualified and acting Chapter 7 Trustee for the Debtor's Estate.

1.4     On January 25, 2013, the Trustee filed a complaint against Defendants Beneficial R.E., Inc., G. Thomas Financial, Inc., Gary Thomas, individually and in his capacity as Trustee of The Thomas Family Trust, Timothy Thomas, and Steven Thomas for: 1) Unjust Enrichment; 2) Breach of Fiduciary Duty – Constructive Fraud; 3) Aiding and Abetting a Breach of Fiduciary Duty; 4) Civil Conspiracy; 5) Conversion; 6) Fraudulent Transfer [11 U.S.C. §§ 544, 548; California Civil Code §§ 3439.04, 3439.07, 3439.09]; 7) Fraudulent Transfer [11 U.S.C. §§ 544, 548; California Civil Code §§ 3439.04, 3439.05, 3439.07, 3439.09]; 8) Imposition of Constructive Trust or Resulting Trust; 9) Comparative Indemnity; 10) Substantive Consolidation; 11) Accounting; 12) Declaratory Relief; 13) Injunctive Relief; 14) Preferential Transfer [11 U.S.C. § 547(b)]; 15) Recovery of Transfer [11 U.S.C. § 502]; 16) Recovery of Transfer [11 U.S.C. § 550]; and 17) Waiver of Claim [11 U.S.C. § 502] ("Complaint").

1.5     On February 5, 2013, the Summons, Complaint and related documents were served on the Defendants.

1.6     Prior to filing of the Complaint and unbeknownst to the Trustee, Defendant Gary Thomas filed a voluntary petition for Chapter 7 bankruptcy entitled In re Gary Okla Thomas and Frances Ann Thomas, Case No. 8:12-bk-18000-ES ("Gary Thomas Bankruptcy Case") on June 29, 2012.  The Trustee was not listed as a creditor or otherwise served a copy of the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines.

1

EXHIBIT "1"

1.7    On July 26, 2013, the Parties filed a Stipulation to Dismiss Gary Thomas, individually and in his capacity as the Trustee of the Thomas Family Trust and on July 29, 2013, the Court entered an Order approving the Stipulation dismissing Gary Thomas, individually and in his capacity as the Trustee of the Thomas Family Trust as a defendant in this Adversary Proceeding.

1.8    Despite the filing of the Gary Thomas Bankruptcy Case, and the entry of his discharge, and for the benefits conferred to Gary directly or indirectly by virtue of this Agreement, Gary Thomas is agreeing to guarantee, personally, the financial obligations of all other settling parties including Beneficial R.E., Financial and Timothy as set forth in this Agreement.  For the purposes of this Agreement, the Parties agree that Gary Thomas' personal guarantee in connection with the Agreement shall be deemed an agreement after the filing of the Gary Thomas Bankruptcy Case, and that valuable and concurrent consideration is being afforded to Gary as a result of this Ageement and his guarantee of the financial obligations in this Agreement.

1.9    Prior to filing the Complaint and unbeknownst to the Trustee, Defendant Steven Thomas filed a voluntary petition for Chapter 7 bankruptcy entitled In re Steven Patrick Thomas and Tiann Marie Thomas, Case No. 8:11-bk-22170-ES ("S. Thomas Bankruptcy Estate") on August 30, 2011.  The Trustee was not listed as a creditor or otherwise served a copy of the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines.

1.10    On July 26, 2013, the Parties filed a Stipulation to Dismiss Steven Patrick Thomas and on July 29, 2013, the Court entered an Order approving the Stipulation dismissing Steven Patrick Thomas as a defendant in this Adversary Proceeding.  Steven Patrick Thomas is not a party to this Agreement

1.11    On December 24, 2013, Plaintiff filed a First Amended Complaint for: 1) Unjust Enrichment; 2) Breach of Fiduciary Duty – Constructive Fraud; 3) Aiding and Abetting a Breach of Fiduciary Duty; 4) Conversion; 5) Fraudulent Transfer [11 U.S.C. §544, 548; California Civil Code § 3439.04, 3439.07, 3439.09)]; 6) Fraudulent Transfer [11 U.S.C. §544, 548; California Civil Code §3439.04, 3439.05, 3439.07, 3439.09)]; 7) Imposition of a Constructive Trust or Resulting Trust; 8) Comparative Indemnity; 9) Substantive Consolidation; 10) Accounting; 11) Declaratory Relief; 12) Injunctive Relief; 13) Preferential Transfer [11 U.S.C. §§ 547(b)]; and 14) Recovery of Transfer [11 U.S.C. § 550] ("FAC").  The FAC named as defendants Beneficial R.E., Inc., a California corporation; G. Thomas Financial, Inc., a California corporation, and Timothy Thomas.

1.12    On January 27, 2014, Defendants Beneficial R.E., Financial, and Timothy  filed an Answer to the FAC.

1.13    On November 5, 2014, the Court entered the Order Approving Unilateral Pre-Trial Stipulation.

///

2

EXHIBIT "1"

1.14    On June 20, 2011, the Thomas Family Trust filed proof of claim no. 23 listing a general unsecured claim in the amount of $4,521,249.87.  On January 12, 2012, the Thomas Family Trust filed an amended proof of claim No. 42 listing a general unsecured claim in the amount of $4,271,249.87 (collectively referred to as the "Thomas Family Trust Claim").  Gary is the trustee and a current beneficiary of the Thomas Family Trust.

1.15    On January 12, 2012, Gary filed a proof of claim no. 44 listing a general unsecured and priority claim in the amount of $17,501.70, with $11,725.00 listed as priority ("Gary Thomas Claim").

1.16    The Parties agree that it is in their best interest to resolve their disputes by way of settlement, rather than through litigation, and therefore it is their intention and desire at this time to settle in the manner and upon the terms and conditions set forth in this Agreement, it being specifically understood and agreed that any and all acts which are to be performed pursuant to this Agreement, are not to be and will not be construed in any way as a concession and/or admission by any of the Parties, of the truth of any of the allegations which have been made against any of the Parties.

1.17    The Parties desire to fully and completely settle all disputes, claims, demands and causes of action heretofore arising which the Parties have, or may have, as to one another, including without limitation all matters arising out of or connected with, or incidental to any business dealings between them, up to and including the date of this Agreement, without limitation.

## II.

## AGREEMENT

**NOW THEREFORE, FOR GOOD AND VALUABLE CONSIDERATION**, the adequacy of which is hereby acknowledged by each Party, and in consideration of the mutual promises and covenants set forth below, the Parties agree as follows:

2.1    Stipulate to Judgment.  Defendant Beneficial R.E. and Financial shall execute a stipulated judgment in the amount of $85,000.00 in favor of the Trustee ("Stipulated Judgment"). In addition, Gary shall personally guarantee the Stipulated Judgment and concurrently sign a confession of judgment for the amount of $85,000.00 in favor of the Trustee ("Confession of Judgment") such that both Defendant Beneficial R.E. and Financial are jointly liable for the judgment amount in the total amount of $85,000.00, and such that Gary is the personal guarantor of the total judgment amount of $85,000.00.  No interest shall accrue on the judgment.   Attached hereto as **Exhibit "A"** is a copy of the Stipulated Judgment and the Confession of Judgment. The Confession of Judgment shall not be filed with the Superior Court unless and until there is a breach of this Agreement that is not cured by Section 2.4 below.

2.2    Satisfaction of Judgment. If total payments in the amount of $45,000.00 is paid to Plaintiff by Defendant Beneficial R.E., Financial and/or Gary on or before September 15, 2016, the Judgment and Confession of Judgment, and the guarantee shall be deemed satisfied in full.

EXHIBIT "1"

2.3     <u>Forbearance from Collection</u>. Plaintiff agrees to forebear from any collection efforts against Defendant Beneficial R.E., Inc., Financial and Gary Thomas, provided that Defendant Beneficial R.E., Financial and Gary comply with the following payment agreement: Defendant Beneficial R.E., Financial and/or Gary shall pay Plaintiff $2,500.00 each month, commencing on March 15, 2015, and continuing on the 15th day of each month, until September 15, 2016.  Payments shall be made payable to "John M. Wolfe, in his capacity as Chapter 7 Trustee" at 5450 Trabuco Road, Irvine, CA 92620.

2.4     <u>Notice of Default</u>.  If Defendant Beneficial R.E., Financial and/or Gary  fail to timely tender payment, Plaintiff shall provide written notice to Defendant Beneficial R.E., Financial and Gary  and Defendants' counsel at the below address advising  Beneficial R.E., Financial and Gary that the Settling Parties have fifteen (15) days to cure said default or they shall be in default of this Agreement and Plaintiff shall be entitled a default judgment against Defendant Beneficial R.E., Financial and may call the guarantee of Gary due and payable in full in the amount of $85,000.00, less any payments made by the Settling Parties to Plaintiff.

| **Notice to Gary Thomas** | **Notice to Defendants' Counsel** |
|---|---|
| Gary Thomas | Curd, Galindo & Smith, L.L.P |
| 1467 N. Wanda Rd., Suite 135 | c/o Jeffrey B. Smith, Esq. |
| Orange, California 92867 | 301 East Ocean Blvd., #1700 |
| | Long Beach, California 90802 |
| | jsmith@cgsattys.com |

2.5     <u>Waiver of Claims</u>.   The Settling Parties agree that entry of a Court order approving this Agreement shall constitute a waiver of the Thomas Family Trust Claim and the Gary Thomas Claim, plus any claim which the Settling Parties might otherwise be entitled pursuant to 11 U.S.C. § 502(h).   Gary will, within 20 days after the entry of a Court order approving this Agreement, after the expiration of any period of appeal of such order, file or cause to be filed with the bankruptcy court a withdrawal of the claims described in paragraphs 1.14 and 1.15 of this Agreement.

2.6     <u>Personal Guarantee</u>.   As part of the consideration of this Agreement, Gary Thomas agrees that he shall be personally liable for the obligations of the Settling Parties in accordance with this Agreement and shall execute the Confession of Judgment.

2.7     <u>Motion for Approval of Compromise</u>.  Upon receipt of a fully executed copy of this Agreement and all related documents, the Trustee shall promptly file a motion with the Bankruptcy Court to obtain approval of this Agreement ("Compromise Motion").   This Agreement is contingent upon and expressly conditioned on the issuance of an order by the Bankruptcy Court in the Chapter 7 proceeding approving this Agreement pursuant to Federal Rule of Bankruptcy Procedure 9019.  Unless and until approved by the Bankruptcy Court, and until, the expiration of the period of time for any party to appeal the entry of an order approving this Agreement, this Agreement set forth herein are of no force or affect whatsoever. The Parties acknowledge that this Agreement is the result of extensive good faith negotiations between the

EXHIBIT "1"

Parties and is not to be construed as an admission of liability on the part of any of the Parties hereto, their agents, employees or officers, by whom liability is expressly denied. The Parties are bound by this Agreement subject only to Bankruptcy Court approval and waive any right to object to approval by the Bankruptcy Court.

2.8     <u>Return of Proceeds In the Event of Disapproval.</u>  The Parties understand that the payments made under this Agreement shall commence before the court has an opportunity to rule on an application to approve this Agreement pursuant to the previous paragraph.  In the event that the Court does not approve this Agreement for any reason, the Trustee shall return to Beneficial R.E. all funds advanced to the Trustee under this Agreement up to that time, within 10 days of the entry of the order denying approval of this agreement plus any period that the order may be appealed.

2.9     <u>Adversary Proceeding Remains Open.</u>  The adversary proceeding shall remain open pending compliance with the payment obligations provided for in section 2.2.  Upon payment in full in accordance with this Agreement, Plaintiff shall file a stipulation to dismiss the FAC with prejudice.

2.10    <u>Jurisdiction of the Bankruptcy Court.</u>  Should any dispute arise regarding this Agreement, the United States Bankruptcy Court for the Central District of California, Santa Ana Division shall have exclusive jurisdiction to determine the same.

2.11    <u>Trustee Capacity.</u>  The Trustee is signing this Agreement in his capacity solely as Chapter 7 Trustee for the Estate.  Nothing contained herein shall in any way impute liability to the Trustee, personally or as a member of any professional organization, or anyone acting on his behalf, including but not limited to his counsel, Shulman Hodges & Bastian LLP.

2.12    <u>Further Documentation of Settlement.</u>  The Parties agree that after the Court approves the Compromise Motion, they will execute any and all further and additional documents and take all further and additional steps, which may be necessary or convenient to consummate the terms of this Agreement and accomplish the purposes thereof.

2.13    <u>Releases.</u>  The Parties agree to be bound by the releases set forth below.

### III.

### **RELEASES**

3.1     Except as set forth herein, the Trustee, in his capacity as the Chapter 7 trustee of the Debtor's bankruptcy case, and his heirs, spouses, offspring, executors, administrators, insurance companies, predecessors, successors, assigns, agents, servants, employees, members, corporations, partnerships, partners, associates, attorneys, representatives, joint ventures, past and present, or anyone else claiming by and through him, do hereby acknowledge full and complete satisfaction of and do hereby fully and forever release and discharge Beneficial R.E., Financial, Timothy and Gary, as well as their administrators, predecessors, successors, assigns, agents, servants, employees, members, corporations, insurance companies and their subsidiaries

EXHIBIT "1"

and parent companies, partnerships, partners, associates, attorneys, representatives, joint ventures, trustees, past and present, and each of them, from any and all claims, demands and causes of action of any kind or nature whatsoever, whether known or unknown, suspected or unsuspected, whether concealed or hidden, which the Trustee now owns, holds or may hereafter have against Beneficial R.E., Financial, Inc., Timothy and Gary.

3.2     Except as set forth herein, Beneficial R.E., Financial, Timothy and Gary, on behalf of themselves, their administrator, insurance companies and their subsidiaries and parent companies, predecessors, successors, assigns, agents, servants, employees, members, corporations, partnerships, partners, associates, attorneys, representatives, joint ventures, trustees, past and present, or anyone else claiming by and through them, does hereby acknowledge full and complete satisfaction of and does hereby fully and forever release and discharge the Trustee, in his capacity as the Chapter 7 trustee of the Debtor's bankruptcy case, as well as his heirs, spouses, offspring, executors, administrators, predecessors, successors, assigns, agents, servants, employees, members, corporations, partnerships, partners, associates, attorneys, representatives, joint ventures, trustees, past and present, and each of them, from any and all claims, demands and causes of action of any kind or nature whatsoever, whether known or unknown, suspected or unsuspected, whether concealed or hidden, which Beneficial, Financial, Timothy and Gary now owns, holds or may hereafter have against the Trustee.

3.3     It is a condition hereof, and it is the intention of the Parties in executing this Agreement and in giving the releases set forth herein, that the same shall be effective as a bar to each and every claim, demand, and cause of action, matter or thing specified; and in furtherance of this specific intention, the Parties hereby expressly waive any and all rights and benefits conferred upon them by the provisions of Section 1542 of the California Civil Code which provides:

> **"A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected this settlement with the debtor."**

3.4     The Parties represent and warrant that they have been advised to seek advice from independent legal counsel of their own choosing regarding this Agreement and its terms and language, and understand and acknowledge the significance and consequence of these releases, and the specific waiver of Section 1542, and the Parties, and each of them, expressly consent that this Agreement and the releases set forth herein shall be given full force and effect according to each and all of their express terms and provisions, including those relating to unknown and unsuspected claims, demands and causes of action, if any, as well as those relating to any other claims, demands and causes of action herein above specified.

///

///

///

6

## IV.

## REPRESENTATION AND WARRANTIES

      4.1     The Parties hereto, and each of them, separately represent and warrant to each other that they have not heretofore assigned or transferred, or purported to assign or transfer, to any other person or entity any claim or other matter herein released.

      4.2     The Parties hereto, and each of them, separately represent and warrant to each other that they will execute all documents necessary to carry out the purpose of this Agreement and to cooperate with Plaintiff in the expeditious filing of any and all document and the fulfillment of the terms of this Agreement.

      4.3     The Parties hereto hereby warrant and represent that each and every recital and representation contained herein is true and correct to the best of their knowledge.

      4.4     The Parties hereto hereby warrant and represent that he or she has been duly authorized to execute this Agreement and to undertake the obligations contained herein.

      4.5     The Parties represent that they fully understand their right to discuss all aspects of this Agreement with their own attorneys, that they have carefully reviewed and fully understand all of the provisions of this Agreement, and that they are voluntarily entering into this Agreement.

      4.6     The Parties to this Agreement shall bear their own costs, expenses, and attorneys' fees, whether taxable or otherwise, incurred in or arising out of or in any way related to the matters released herein.

## V.

## MISCELLANEOUS

      5.1     <u>Entire Agreement</u>. This Agreement constitutes the entire understanding and agreement between the Parties concerning the subject matter hereof and supersedes all prior and contemporaneous agreements, understandings, terms, conditions and representations, written or oral, made by any of the Parties or their agents, concerning the matters covered by this Agreement.

      5.2     <u>Modification and/or Amendment</u>.  This Agreement may be amended and modified <u>only</u> by a written agreement signed by all of the Parties specifically acknowledging and approving of the modification.

      5.3     <u>Execution of Documents</u>.  Each Party agrees to execute all documents necessary to carry out the purpose of this Agreement and to cooperate with the other in the expeditious filing of any and all document and the fulfillment of the terms of this Agreement.

///

Z:\A-B\Beneficial Services\Adv\Insider Action\Pld\Settlement Agreement Final.docx
4405-000/56

EXHIBIT "1"

5.4     <u>Successors and Assigns</u>.  This Agreement shall inure to the benefit of, and shall be binding upon the Parties, and each of them, and their respective successors, assigns, heirs, partners, agents, officers, corporations, partnerships, partners, shareholders, representatives, and each of them.

5.5     <u>Controlling Law and Mediation</u>.  This Agreement has been entered into in the State of California and this Agreement, including any rights, remedies, or obligations provided for thereunder, shall be construed and enforced in accordance with the laws of the State of California.  Any dispute arising out of this Agreement shall be referred to the Bankruptcy Court mediation panel.

5.6     <u>Severability</u>.  If any immaterial provision of this Agreement is held, determined or adjudicated to be invalid, unenforceable or void for any reason, each such provision shall be severed from the remaining portions of this Agreement and shall not affect the validity and enforceability of such remaining material provisions.

5.7     <u>Effect of Headings</u>.   The titles and headings of this Agreement are for convenience and identification only, and shall not be deemed to limit, amplify, or define the contents of the respective sections or paragraphs to which they pertain.

5.8     <u>Gender</u>.  Whenever in this document the context may so require, the masculine gender shall be deemed to include the feminine and neuter genders, and vice-versa.

5.9     <u>Recitals</u>.  Each term of this Agreement is contractual and not merely a recital.

5.10    <u>Construction</u>.  This Agreement has been negotiated at arm's length between persons (or their representatives) sophisticated and knowledgeable in the matters dealt with in this Agreement.  Accordingly, any rule of law (including California Civil Code, Section 1654) or legal decision that would require interpretation of any ambiguities in this Agreement against the Party that has drafted it is not applicable and is hereby waived.   The provisions of this Agreement shall be interpreted in a reasonable manner to effect the purpose of the Parties and this Agreement.

5.11    <u>Effective Date of this Agreement</u>.  This Agreement consisting of seven (7) pages is executed and entered into as of the date(s) below in the State of California and, when executed by all Parties and counsel as provided herein, shall be effective as of said date, but subject to its approval by the bankruptcy court as herein proved.

5.12    <u>Counter-parts</u>.  This Agreement may be executed in one or more Counter-parts (multiple signatures) each of which shall be deemed an original, and all of which constitute one and the same instrument.

///

///

8

5.13    Attorneys' Fees.  All Parties shall bear their own attorneys' fees and costs.  In the event any claim, dispute, default and/or litigation arises out of this Agreement, the prevailing party shall be entitled to recovery of its attorneys' fees and costs incurred in prosecuting or defending said claim, dispute and/or litigation.

BY SIGNING THIS AGREEMENT WHERE INDICATED BELOW EACH PARTY CERTIFIES THAT THEY HAVE READ THE FOREGOING AGREEMENT IN ITS ENTIRETY, INCLUDING CIVIL CODE SECTION 1542 QUOTED IN THE BODY OF THIS AGREEMENT, THAT THEY FULLY UNDERSTAND ALL THE WORDS, LANGUAGE, TERMS AND CONDITIONS CONTAINED HEREIN AND THAT THEY AGREE TO BE BOUND BY ALL THE TERMS AND CONDITIONS SET FORTH HEREIN.

Dated: March 27, 2015

John M. Wolfe, solely in his capacity as the Chapter 7 Trustee for the bankruptcy estate of Beneficial Services, Inc.

BENEFICIAL SERVICES R.E., INC.

Dated: March 18, 2015

By: _____
Its: President of Beneficial Services R.E., Inc.

GARY THOMAS, individually and as Trustee of the Thomas Family Trust

Dated: March 18, 2015

By: _____
Its: Trustee of Thomas Family Trust

G. THOMAS FINANCIAL, INC.

Dated: March 18, 2015

By: _____
Its: President of G. Thomas Finanical, Inc.

TIMOTHY THOMAS, individually

Dated: March 18, 2015

_____

[SIGNATURES CONTINUED ON THE FOLLOWING PAGE.]

9

EXHIBIT "1"

**APPROVED AS TO FORM:**

**SHULMAN HODGES & BASTIAN LLP**

Dated: March 30, 2015

_____
Leonard M. Shulman
Robert E. Huttenhoff
Attorneys for John M. Wolfe, Chapter 7 Trustee
for the bankruptcy estate of Beneficial Services, Inc.

**CURD, GALINDO & SMITH, LLP**

Dated: March ___, 2015

_____
Jeffrey Smith
Attorneys for Beneficial, R.E., Inc.,
G. Thomas Financial, Inc., Timothy Thomas and
Gary Thomas

10

EXHIBIT "1"

**APPROVED AS TO FORM:**

SHULMAN HODGES & BASTIAN LLP

Dated: March ____, 2015

_____
Leonard M. Shulman
Robert E. Huttenhoff
Attorneys for John M. Wolfe, Chapter 7 Trustee
for the bankruptcy estate of Beneficial Services, Inc.

CURD, GALINDO & SMITH, LLP

Dated: March 2⁰, 2015

_____
Jeffrey Smith
Attorneys for Beneficial, R.E., Inc.,
G/Thomas Financial, Inc., Timothy Thomas and
Gary Thomas

10

EXHIBIT "1"

# EXHIBIT A

EXHIBIT "1"

Leonard M. Shulman – Bar No. 126349
Robert E. Huttenhoff – Bar No. 214447
**SHULMAN HODGES & BASTIAN LLP**
100 Spectrum Center Drive, Suite 600
Irvine, California 92618
Telephone:     (949) 340-3400
Facsimile:     (949) 340-3000
Email:         lshulman@shbllp.com;
               rhuttenhoff@shbllp.com

Counsel for John M. Wolfe, Chapter 7 Trustee
for the bankruptcy estate of Beneficial Services, Inc.

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:11-bk-11153-ES |
| **BENEFICIAL SERVICES, INC.,** | Chapter 7 |
| Debtor. | Adv. Case No. 8:13-ap-01038-ES |
| **JOHN M. WOLFE, solely in his capacity as the Chapter 7 Trustee for the bankruptcy estate of BENEFICIAL SERVICES, INC.,** | **STIPULATION FOR ENTRY OF JUDGMENT** |
| Plaintiff, | |
| v. | |
| **BENEFICIAL R.E., INC., a California corporation; G. THOMAS FINANCIAL, INC., a California corporation, and TIMOTHY THOMAS an individual.** | |
| Defendants. | |

1

Z:\A-B\Beneficial Services\Adv\Insider Action\Pld\Stip Judgment Final.doc
4405-000/81

EXHIBIT "1"                                                    EXHIBIT "A"

1    John M. Wolfe, Chapter 7 trustee ("Trustee" or "Plaintiff") for the bankruptcy estate of

2  Beneficial Services, Inc. ("Debtor") and Beneficial R.E., Inc., a California corporation; G.

3  Thomas Financial, Inc., a California corporation, and Timothy Thomas ("Defendants" or

4  "Parties"), hereby stipulate as follows:

5    On or about January 26, 2011 ("Petition Date"), the Debtor filed it Chapter 11 bankruptcy

6  petition in the Central District of California, Santa Ana Division under Chapter 11 of the

7  Bankruptcy Code.

8    Pursuant to Court order entered on September 16, 2011, the Debtor's bankruptcy case

9  was converted to one under Chapter 7 of the Bankruptcy Code ("Conversion Date").

10    Plaintiff is the duly appointed, qualified and acting Chapter 7 trustee for the Debtor's

11  bankruptcy estate ("Estate").

12    On January 25, 2013, Plaintiff filed a complaint against Defendants Beneficial R.E., Inc.,

13  G. Thomas Financial, Inc., Gary Thomas, individually and in his capacity as the Trustee of The

14  Thomas Family Trust, Timothy Thomas, and Steven Thomas for: 1) Unjust Enrichment; 2)

15  Breach of Fiduciary Duty – Constructive Fraud; 3) Aiding and Abetting a Breach of Fiduciary

16  Duty; 4) Civil Conspiracy; 5) Conversion; 6) Fraudulent Transfer [11 U.S.C. §§ 544, 548;

17  California Civil Code §§ 3439.04, 3439.07, 3439.09]; 7) Fraudulent Transfer [11 U.S.C. §§ 544,

18  548; California Civil Code §§ 3439.04, 3439.05, 3439.07, 3439.09]; 8) Imposition of

19  Constructive Trust or Resulting Trust; 9) Comparative Indemnity; 10) Substantive

20  Consolidation; 11) Accounting; 12) Declaratory Relief; 13) Injunctive Relief; 14) Preferential

21  Transfer [11 U.S.C. § 547(b)]; 15) Recovery of Transfer [11 U.S.C. § 502]; 16) Recovery of

22  Transfer [11 U.S.C. § 550]; and 17) Waiver of Claim [11 U.S.C. § 502] ("Complaint").

23    Prior to filing of the Complaint and unbeknownst to the Trustee, Defendant Gary Thomas

24  filed a voluntary petition for Chapter 7 bankruptcy entitled In re Gary Okla Thomas and Frances

25  Ann Thomas, Case No. 8:12-bk-18000-ES ("Gary Thomas Bankruptcy Case") on June 29, 2012.

26  The Trustee was not listed as a creditor or otherwise served a copy of the Notice of Chapter 7

27  Bankruptcy Case, Meeting of Creditors, & Deadlines.

28  ///

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

Z:\A-B\Beneficial Services\Adv\Insider Action\Pld\Stip Judgment Final.doc
4405-000/81

EXHIBIT "1"                                    EXHIBIT "A"

1    On July 26, 2013, the Parties filed a Stipulation to Dismiss Gary Thomas, individually

2  and in his capacity as the Trustee of the Thomas Family Trust and on July 29, 2013, the Court

3  entered an Order approving the Stipulation dismissing Gary Thomas, individually and in his

4  capacity as the Trustee of the Thomas Family Trust as a defendant in this Adversary Proceeding.

5    Prior to filing the Complaint and unbeknownst to the Trustee, Defendant Steven Thomas

6  filed a voluntary petition for Chapter 7 bankruptcy entitled <u>In re Steven Patrick Thomas and</u>

7  <u>Tiann Marie Thomas</u>, Case No. 8:11-bk-22170-ES ("S. Thomas Bankruptcy Estate") on August

8  30, 2011.  The Trustee was not listed as a creditor or otherwise served a copy of the Notice of

9  Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines.

10    On July 26, 2013, the Parties filed a Stipulation to Dismiss Steven Patrick Thomas and on

11  July 29, 2013, the Court entered an Order approving the Stipulation dismissing Steven Patrick

12  Thomas as a defendant in this Adversary Proceeding.

13    On December 24, 2013, Plaintiff filed a First Amended Complaint for: 1) Unjust

14  Enrichment; 2) Breach of Fiduciary Duty – Constructive Fraud; 3) Aiding and Abetting a Breach

15  of Fiduciary Duty; 4) Conversion; 5) Fraudulent Transfer [11 U.S.C. §544, 548; California Civil

16  Code § 3439.04, 3439.07, 3439.09)]; 6) Fraudulent Transfer [11 U.S.C. §544, 548; California

17  Civil Code §3439.04, 3439.05, 3439.07, 3439.09)]; 7) Imposition of a Constructive Trust or

18  Resulting Trust; 8) Comparative Indemnity; 9) Substantive Consolidation; 10) Accounting; 11)

19  Declaratory Relief; 12) Injunctive Relief; 13) Preferential Transfer [11 U.S.C. §§ 547(b)]; and

20  14) Recovery of Transfer [11 U.S.C. § 550] ("FAC").  The FAC named as defendants Beneficial

21  R.E., Inc., a California corporation; G. Thomas Financial, Inc., a California corporation, and

22  Timothy Thomas.

23    On January 27, 2014, Defendants Beneficial R.E., Inc., G. Thomas Financial, Inc. and

24  Timothy Thomas filed an Answer to the FAC.

25    On November 5, 2014, the Court entered the Order Approving Unilateral Pre-Trial

26  Stipulation.

27  ///

28  ///

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

Z:\A-B\Beneficial Services\Adv\Insider Action\Pld\Stip Judgment Final.doc
4405-000/81

EXHIBIT "1"                    EXHIBIT "A"

1    The Parties and Gary Thomas have entered into a separate and concurrent Settlement

2  Agreement and Forbearance Agreement, and pursuant to its terms, and subject to Court approval

3  as set forth in that agreement, have agreed to enter into this Stipulated Judgment based on the

4  following terms.

5    **NOW, THEREFORE**, Plaintiff and Defendants hereby stipulate to the following:

6    1.    Plaintiff shall have a judgment against Defendant Beneficial R. E., Inc. and G.

7  Thomas Financial, Inc. in the amount of $85,000.00 ("Judgment"). No interest shall accrue on

8  this Judgment. If a total of $45,000.00 is paid to Plaintiff in the aggregate on or before

9  September 15, 2016, the Judgment shall be deemed satisfied in full.

10    2.    Each party shall bear their own fees and costs regarding this Adversary

11  Proceeding. If there is any future litigation among the parties, the prevailing party shall be

12  entitled to its reasonable attorney's fees and costs.

13    **WHEREFORE**, the Parties hereto have caused this Stipulation for Entry of Judgment to

14  be entered into on the dates indicated below.

15                    Respectfully submitted,

16

17  Dated: March 23, 2015

        John M. Wolfe, Chapter 7 Trustee
18        for the bankruptcy estate of Beneficial Services, Inc.

19                    **BENEFICIAL R.E., INC.**

20
        Its:
21  Dated: March 18, 2015    By:  Gary Thomas, President of Beneficial R.E., Inc.

22
                    **G. THOMAS FINANCIAL, INC.**
23

24  Dated: March 18, 2015    Its:
                    By:  Gary Thomas, President of G. Thomas Financial, Inc.
25

26

27

28    [SIGNATURES CONTINUED ON THE FOLLOWING PAGE.]

4

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618    Z:\A-B\Beneficial Services\Adv\Insider Action\Pld\Stip Judgment Final.doc
        4405-000/81

EXHIBIT "1"                    EXHIBIT "A"

1 | APPROVED AS TO FORM:

2 | SHULMAN HODGES & BASTIAN LLP

3 | Dated: March 5, 2015        By:  _/s/ Robert E. Huttenhoff_____

4 | Leonard M. Shulman
    Robert E. Huttenhoff

5 | Counsel for John M. Wolfe, Chapter 7 Trustee
    for the bankruptcy estate of Beneficial Services, Inc.

6 | CURD, GALINDO & SMITH, L.L.P.

7 | Dated: March 2ᵗ, 2015        By:

8 | Jeffrey B. Smith
    Counsel for Defendants Beneficial R.E., Inc.,

9 | G. Thomas Financial, Inc. and Timothy Thomas

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Z:\A-B\Beneficial Services\Adv\Insider Action\Pld\Stip Judgment Final.doc
4405-000/81

EXHIBIT "1"                                    EXHIBIT "A"

1   Leonard M. Shulman – Bar No. 126349
    Robert E. Huttenhoff – Bar No. 214447
2   **SHULMAN HODGES & BASTIAN LLP**
    100 Spectrum Center Drive, Suite 600
3   Irvine, California 92618
    Telephone:      (949) 340-3400
4   Facsimile:      (949) 340-3000
    Email:          lshulman@shbllp.com;
5                   rhuttenhoff@shbllp.com

6   Counsel for John M. Wolfe, Chapter 7 Trustee
    for the bankruptcy estate of Beneficial Services, Inc.
7

8                   **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                **FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER**

10

11  **JOHN M. WOLFE, solely in his capacity as** )   Case No.
    **the Chapter 7 Trustee for the bankruptcy**   )
    **estate of BENEFICIAL SERVICES, INC.,**        )
12                                                  )
                            Plaintiff,              )   **CONFESSION OF JUDGMENT**
13                                                  )
    v.                                              )
14                                                  )   [Unlimited Civil Case]
    **GARY THOMAS,**                                )
15                                                  )
                            Defendant.              )
16                                                  )
                                                    )
17                                                  )
                                                    )
18                                                  )
                                                    )
19                                                  )
                                                    )
20                                                  )
                                                    )
21                                                  )
                                                    )
22                                                  )
                                                    )
23                                                  )
                                                    )
24                                                  )
                                                    )
25                                                  )
                                                    )
26                                                  )
                                                    )
27                                                  )

28

Z:\A-B\Beneficial Services\Adv\Insider Action\Pld\Confession of Judgment - State Court Pleading Final.docx
4405-000/81

**CONFESSION OF JUDGMENT AND AFFIDAVITS IN SUPPORT THEREOF**
EXHIBIT "1"                                              EXHIBIT "A"

1   John M. Wolfe, Chapter 7 trustee ("Trustee" or "Plaintiff") for the bankruptcy estate of

2   Beneficial Services, Inc. ("Debtor") and Beneficial R.E., Inc., a California corporation; G.

3   Thomas Financial, Inc., a California corporation, and Timothy Thomas ("Defendants"), hereby

4   stipulate as follows:

5   On or about January 26, 2011 ("Petition Date"), the Debtor filed it Chapter 11 bankruptcy

6   petition in the Central District of California, Santa Ana Division under Chapter 11 of the

7   Bankruptcy Code.

8   Pursuant to Court order entered on September 16, 2011, the Debtor's bankruptcy case

9   was converted to one under Chapter 7 of the Bankruptcy Code ("Conversion Date").

10   Plaintiff is the duly appointed, qualified and acting Chapter 7 trustee for the Debtor's

11   bankruptcy estate ("Estate").

12   On January 25, 2013, Plaintiff filed a complaint against Defendants Beneficial R.E., Inc.,

13   G. Thomas Financial, Inc., Gary Thomas, individually and in his capacity as the Trustee of The

14   Thomas Family Trust, Timothy Thomas, and Steven Thomas for: 1) Unjust Enrichment; 2)

15   Breach of Fiduciary Duty – Constructive Fraud; 3) Aiding and Abetting a Breach of Fiduciary

16   Duty; 4) Civil Conspiracy; 5) Conversion; 6) Fraudulent Transfer [11 U.S.C. §§ 544, 548;

17   California Civil Code §§ 3439.04, 3439.07, 3439.09]; 7) Fraudulent Transfer [11 U.S.C. §§ 544,

18   548; California Civil Code §§ 3439.04, 3439.05, 3439.07, 3439.09]; 8) Imposition of

19   Constructive Trust or Resulting Trust; 9) Comparative Indemnity; 10) Substantive

20   Consolidation; 11) Accounting; 12) Declaratory Relief; 13) Injunctive Relief; 14) Preferential

21   Transfer [11 U.S.C. § 547(b)]; 15) Recovery of Transfer [11 U.S.C. § 502]; 16) Recovery of

22   Transfer [11 U.S.C. § 550]; and 17) Waiver of Claim [11 U.S.C. § 502] ("Complaint").

23   Prior to filing of the Complaint and unbeknownst to the Trustee, Defendant Gary Thomas

24   filed a voluntary petition for Chapter 7 bankruptcy entitled In re Gary Okla Thomas and Frances

25   Ann Thomas, Case No. 8:12-bk-18000-ES ("Gary Thomas Bankruptcy Case") on June 29, 2012.

26   The Trustee was not listed as a creditor or otherwise served a copy of the Notice of Chapter 7

27   Bankruptcy Case, Meeting of Creditors, & Deadlines.

28

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

Z:\A-B\Beneficial Services\Adv\Insider Action\Pld\Confession of Judgment - State Court Pleading Final.docx
4405-000/81

**CONFESSION OF JUDGMENT AND AFFIDAVITS IN SUPPORT THEREOF**
EXHIBIT "1"                                        EXHIBIT "A"

1   On July 26, 2013, the Parties filed a Stipulation to Dismiss Gary Thomas, individually

2   and in his capacity as the Trustee of the Thomas Family Trust and on July 29, 2013, the Court

3   entered an Order approving the Stipulation dismissing Gary Thomas, individually and in his

4   capacity as the Trustee of the Thomas Family Trust as a defendant in this Adversary Proceeding.

5   Despite the filing of the Gary Thomas Bankruptcy Case, Gary Thomas is stipulating to

6   liability in connection with the Settlement and Forbearance Agreement.  As noted in the

7   Settlement and Forbearance Agreement, the Parties agree that Gary Thomas' liability shall be

8   deemed from actions that occurred after the filing of the Gary Thomas Bankruptcy Case.

9   Prior to filing the Complaint and unbeknownst to the Trustee, Defendant Steven Thomas

10  filed a voluntary petition for Chapter 7 bankruptcy entitled In re Steven Patrick Thomas and

11  Tiann Marie Thomas, Case No. 8:11-bk-22170-ES ("S. Thomas Bankruptcy Estate") on August

12  30, 2011.  The Trustee was not listed as a creditor or otherwise served a copy of the Notice of

13  Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines.

14  On July 26, 2013, the Parties filed a Stipulation to Dismiss Steven Patrick Thomas and on

15  July 29, 2013, the Court entered an Order approving the Stipulation dismissing Steven Patrick

16  Thomas as a defendant in this Adversary Proceeding.

17  On December 24, 2013, Plaintiff filed a First Amended Complaint for: 1) Unjust

18  Enrichment; 2) Breach of Fiduciary Duty – Constructive Fraud; 3) Aiding and Abetting a Breach

19  of Fiduciary Duty; 4) Conversion; 5) Fraudulent Transfer [11 U.S.C. §544, 548; California Civil

20  Code § 3439.04, 3439.07, 3439.09)]; 6) Fraudulent Transfer [11 U.S.C. §544, 548; California

21  Civil Code §3439.04, 3439.05, 3439.07, 3439.09)]; 7) Imposition of a Constructive Trust or

22  Resulting Trust; 8) Comparative Indemnity; 9) Substantive Consolidation; 10) Accounting; 11)

23  Declaratory Relief; 12) Injunctive Relief; 13) Preferential Transfer [11 U.S.C. §§ 547(b)]; and

24  14) Recovery of Transfer [11 U.S.C. § 550] ("FAC").  The FAC named as defendants Beneficial

25  R.E., Inc., a California corporation; G. Thomas Financial, Inc., a California corporation, and

26  Timothy Thomas.

27  ///

28

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

Z:\A-B\Beneficial Services\Adv\Insider Action\Pld\Confession of Judgment - State Court Pleading Final.docx
4405-000/81

**CONFESSION OF JUDGMENT AND AFFIDAVITS IN SUPPORT THEREOF**
EXHIBIT "1"

EXHIBIT "A"

1       On January 27, 2014, Defendants Beneficial R.E., Inc., G. Thomas Financial, Inc. and

2   Timothy Thomas filed an Answer to the FAC.

3       On November 5, 2014, the Court entered the Order Approving Unilateral Pre-Trial

4   Stipulation.

5       Gary Thomas agrees to enter into this Confession of Judgment based on the following

6   terms.

7       **NOW, THEREFORE**, Gary Thomas hereby confesses to judgment in favor of Plaintiff

8   in the amount of $85,000.00 ("Confession of Judgment").   No interest shall accrue on this

9   Judgment.

10       This Confession of Judgment is for debt justly due and arises from conduct that occurred

11   after the Gary Thomas Bankruptcy Case.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

3

Z:\A-B\Beneficial Services\Adv\Insider Action\Pld\Confession of Judgment - State Court Pleading Final.docx
4405-000/81

**CONFESSION OF JUDGMENT AND AFFIDAVITS IN SUPPORT THEREOF**
EXHIBIT "1"

EXHIBIT "A"

1
## VERIFICATION AND ATTORNEYS' DECLARATION

2      I, Gary Thomas, have read the foregoing Confession of Judgment statement and know the

3    contents thereof.  The matters stated therein are true of my own knowledge, except as to matters

4    stated therein on information and belief, and as to those matters, I believe them to be true.

5      All of the above-stated facts are within my own personal knowledge and if called as a

6    witness I could and would testify competently thereto.  I consent to the jurisdiction of the

7    Bankruptcy Court in the above captioned district for the filing of the Confession of Judgment.

8      I declare under penalty of Perjury that the foregoing is true and correct.

9                                                    **GARY THOMAS, individually**

10
Dated: March 18 , 2015
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

4

Z:\A-B\Beneficial Services\Adv\Insider Action\Pld\Confession of Judgment - State Court Pleading Final.docx
4405-000/81

## CONFESSION OF JUDGMENT AND AFFIDAVITS IN SUPPORT THEREOF

EXHIBIT "1"                                    EXHIBIT "A"

1

## ATTORNEY'S DECLARATION IN SUPPORT

2

## OF CONFESSION OF JUDGMENT STATEMENT

3      I, Jeffrey Smith, Esq., declare:

4      I am an attorney at law duly admitted to practice before all the courts of the State of

5   California and the attorney of record herein for Gary Thomas, confessing judgment in the above-

6   entitled cause. As such, I am able to state that the matters recited in this Declaration are of my

7   own personal knowledge. If called before this court and placed under oath I could and would

8   testify competently to the following:

9      This Certification is filed pursuant to California Code of Civil Procedure § 1132(b). I

10  have examined the Confession of Judgment paperwork including the Confession of Judgment

11  Statement with Verification and Judgment, I have advised Gary Thomas with respect to the

12  waiver of rights and defenses under the Confession of Judgment procedure, and in light of the

13  circumstances, have advised Gary Thomas to execute the Confession of Judgment Statement, to

14  execute the attached Verification and to utilize the confession of judgment procedure.

15     I declare under penalty of Perjury that the foregoing is true and correct.

16                              CURD, GALINDO & SMITH, LLP

17

18  Dated: March 20, 2015

19                              Jeffrey Smith
                                Curd, Galindo & Smith, LLP
                                Attorneys for Gary Thomas

20

21

22

23

24

25

26

27

28

5

Z:\A-B\Beneficial Services\Adv\Insider Action\Pld\Confession of Judgment - State Court Pleading Final.docx
4405-000/81

## CONFESSION OF JUDGMENT AND AFFIDAVITS IN SUPPORT THEREOF

EXHIBIT "1"                                                    EXHIBIT "A"

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**100 Spectrum Center Drive, Suite 600, Irvine, California 92618**

A true and correct copy of the foregoing document entitled (*specify*): **CHAPTER 7 TRUSTEE'S MOTION FOR ORDER APPROVING SETTLEMENT AND COMPROMISE OF DISPUTES UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 BETWEEN THE BANKRUPTCY ESTATE, BENEFICIAL R.E., INC., G. THOMAS FINANCIAL, INC. AND TIMOTHY THOMAS; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF JOHN M. WOLFE IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ***April 6, 2015***, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**INTERESTED PARTY:** Frank Cadigan    frank.cadigan@usdoj.gov
**INTERESTED PARTY:** Jason Chuan    jchuan@thepatellawfirm.com, npatel@thepatellawfirm.com;nmalaihollo@thepatellawfirm.com
**INTERESTED PARTY:** Marc C Forsythe    kmurphy@goeforlaw.com, mforsythe@goeforlaw.com
**INTERESTED PARTY:** Nancy S Goldenberg    nancy.goldenberg@usdoj.gov
**INTERESTED PARTY:** Lawrence J Hilton    lhilton@oneil-llp.com, ssimmons@oneil-llp.com;jsun@oneil-llp.com
**COUNSEL FOR THE CHAPTER 7 TRUSTEE:** Robert E Huttenhoff    rhuttenhoff@shbllp.com
**INTERESTED PARTY:** Paul J Kurtzhall    paul@hkwllp.com
**INTERESTED PARTY:** R G Pagter    gibson@pagterandmiller.com, pandm@pagterandmiller.com;pagterandmiller@yahoo.com
**COUNSEL FOR THE CHAPTER 7 TRUSTEE:** Leonard M Shulman    lshulman@shbllp.com
**COUNSEL FOR SETTLING PARTIES:** Jeffrey B Smith    jsmith@cgsattys.com, vphillips@cgsattys.com
**INTERESTED PARTY:** United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
**INTERESTED PARTY:** Jeffrey T Vanderveen    jvanveen@melroselawcenter.com
**INTERESTED PARTY:** Christopher P Walker    cwalker@cpwalkerlaw.com, lhines@cpwalkerlaw.com
**DEBTOR'S COUNSEL:** J Scott Williams    jwilliams@williamsbkfirm.com
**CHAPTER 7 TRUSTEE:** John M Wolfe (TR)    john.wolfe@txitrustee.com, ecf.alert@titlexi.com
**CHAPTER 7 TRUSTEE:** John M Wolfe (TR)    john.wolfe1@earthlink.net, ecf.alert@titlexi.com
**INTERESTED PARTY:** Christopher Yoo    cyoo@adornoca.com

☐    Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) ***April 6, 2015***, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Judge's Copy**
Honorable Erithe A. Smith
United States Bankruptcy Court
411 W. Fourth Street, Suite 5085
Santa Ana, CA 92701

☐    Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 6, 2015 | Anne Marie Vernon | /s/ Anne Marie Vernon |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                **F 9013-3.1.PROOF.SERVICE**