Karen Sue Naylor, Chapter 7 Trustee
4343 Von Karman Avenue, Suite 300
Newport Beach, CA 92660-2098
karen@ringstadlaw.com
Telephone: (949) 851-7450

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION

| | | |
|---|---|---|
| In re: | § | |
| BENEFICIAL SERVICES, INC. | § | Case No.  8:11-bk-11153-ES |
| | § | |
| Debtor(s) | § | |
| | § | |

CHAPTER 7 TRUSTEE'S FINAL ACCOUNT AND DISTRIBUTION
REPORT CERTIFICATION THAT THE ESTATE HAS BEEN FULLY
ADMINISTERED AND APPLICATION TO BE DISCHARGED (TDR)

Karen Sue Naylor, Chapter 7 Trustee, submits this Final Account, Certification that the Estate has been Fully Administered and Application to be Discharged.

1) All funds on hand have been distributed in accordance with the Trustee's Final Report and, if applicable, any order of the Court modifying the Final Report. The case is fully administered and all assets and funds which have come under the trustee's control in this case have been properly accounted for as provided by law. The trustee hereby requests to be discharged from further duties as a trustee.

2) A summary of assets abandoned, assets exempt, total distributions to claimants, claims discharged without payment, and expenses of administration is provided below:

| | |
|---|---|
| Assets Abandoned: $0.00 (Without deducting any secured claims) | Assets Exempt: NA |
| Total Distributions to Claimants: $0.00 | Claims Discharged Without Payment: NA |
| Total Expenses of Administration: $5,688.74 | |

3) Total gross receipts of $5,688.74 (see **Exhibit 1**), minus funds paid to the debtor and third parties of $0.00 (see **Exhibit 2**), yielded net receipts of $5,688.74 from the liquidation of the property of the estate, which was distributed as follows:

|  | CLAIMS SCHEDULED | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|
| SECURED CLAIMS (from **Exhibit 3** ) | $0.00 | $0.00 | $0.00 | $0.00 |
| PRIORITY CLAIMS: CHAPTER 7 ADMIN. FEES AND CHARGES (from **Exhibit 4** ) | NA | $169,993.79 | $45,456.78 | $5,688.74 |
| PRIOR CHAPTER ADMIN. FEES AND CHARGES (from **Exhibit 5** ) | NA | $0.00 | $0.00 | $0.00 |
| PRIORITY UNSECURED CLAIMS (from **Exhibit 6** ) | $55,037.16 | $0.00 | $0.00 | $0.00 |
| GENERAL UNSECURED CLAIMS (from **Exhibit 7** ) | $9,024,851.44 | $0.00 | $0.00 | $0.00 |
| **TOTAL DISBURSEMENTS** | $9,079,888.60 | $169,993.79 | $45,456.78 | $5,688.74 |

4) This case was originally filed under chapter 11 on 01/26/2011, and it was converted to chapter 7 on 09/16/2011. The case was pending for 104 months.

5) All estate bank statements, deposit slips, and canceled checks have been submitted to the United States Trustee.

6) An individual estate property record and report showing the final accounting of the assets of the estate is attached as **Exhibit 8.**  The cash receipts and disbursements records for each estate bank account, showing the final accounting of the receipts and disbursements of estate funds is attached as **Exhibit 9**.

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Dated :    09/19/2019                              By :    /s/ Karen Sue Naylor

Trustee

STATEMENT:  This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4 (a)(2) applies.

**EXHIBITS TO
FINAL ACCOUNT**

**EXHIBIT 1 – GROSS RECEIPTS**

| DESCRIPTION | UNIFORM TRAN. CODE [1] | AMOUNT RECEIVED |
|---|---|---|
| Commission Claim | 1249-000 | $5,688.74 |
| **TOTAL GROSS RECEIPTS** | | $5,688.74 |

[1] The Uniform Transaction Code is an accounting code assigned by the trustee for statistical reporting purposes.

**EXHIBIT 2 – FUNDS PAID TO DEBTOR & THIRD PARTIES**

| PAYEE | DESCRIPTION | UNIFORM TRAN. CODE | AMOUNT PAID |
|---|---|---|---|
| NA | NA | NA | NA |
| **TOTAL FUNDS PAID TO DEBTOR & THIRD PARTIES** | | | $0.00 |

**EXHIBIT 3 – SECURED CLAIMS**

| CLAIM NO. | CLAIMANT | UNIFORM TRAN. CODE | CLAIMS SCHEDULED (from Form 6D) | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|---|
| NA | NA | NA | NA | NA | NA | NA |
| **TOTAL SECURED** | | | $0.00 | $0.00 | $0.00 | $0.00 |

**EXHIBIT 4 – CHAPTER 7 ADMINISTRATIVE FEES AND CHARGES**

| PAYEE | UNIFORM TRAN. CODE | CLAIMS SCHEDULED | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|
| SHULMAN, HODGES & BASTIAN, LLP | 3210-000 | NA | $161,953.00 | $40,797.05 | $2,080.80 |
| US BANKRUPTCY COURT | 2700-000 | NA | $260.00 | $260.00 | $260.00 |
| KAREN SUE NAYLOR | 2100-000 | NA | $1,318.87 | $1,318.87 | $1,003.59 |
| KAREN SUE NAYLOR | 2200-000 | NA | $231.10 | $231.10 | $175.85 |
| SHULMAN, HODGES & BASTIAN, LLP | 3220-000 | NA | $3,381.06 | $0.00 | $0.00 |
| FRANCHISE TAX BOARD, | 2820-000 | NA | $2,849.76 | $2,849.76 | $2,168.50 |
| **TOTAL CHAPTER 7 ADMIN. FEES AND CHARGES** | | NA | $169,993.79 | $45,456.78 | $5,688.74 |

**EXHIBIT 5 – PRIOR CHAPTER ADMINISTRATIVE FEES AND CHARGES**

| PAYEE | UNIFORM TRAN. CODE | CLAIMS SCHEDULED | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|
| NA | NA | NA | NA | NA | NA |
| **TOTAL PRIOR CHAPTER ADMIN FEES AND CHARGES** | | NA | $0.00 | $0.00 | $0.00 |

**EXHIBIT 6 – PRIORITY UNSECURED CLAIMS**

| CLAIM NO. | CLAIMANT | UNIFORM TRAN. CODE | CLAIMS SCHEDULED (from Form 6E) | CLAIMS ASSERTED (from Proofs of Claim) | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|---|
| | Jason Texel | | $1,974.56 | NA | NA | $0.00 |
| | Aaron Gillete | | $2,307.69 | NA | NA | $0.00 |
| | Marilyn Parry | | $360.62 | NA | NA | $0.00 |
| | Ciara LaBonte | | $290.00 | NA | NA | $0.00 |
| | Thomas Sutro | | $2,692.31 | NA | NA | $0.00 |
| | Julie Gillette | | $1,200.00 | NA | NA | $0.00 |
| | Natalie Brenneis | | $1,846.15 | NA | NA | $0.00 |
| | Susan Ortiz | | $607.48 | NA | NA | $0.00 |
| | Jill Redderson | | NA | NA | NA | $0.00 |
| | Ana Martinez | | $1,430.77 | NA | NA | $0.00 |
| | Mary West | | $606.72 | NA | NA | $0.00 |
| | Diane Petersen | | $581.94 | NA | NA | $0.00 |
| | Timothy Thomas | | $10,000.00 | NA | NA | $0.00 |
| | Julie Thomas | | $1,140.00 | NA | NA | $0.00 |
| | Patricia Henderson | | $53.75 | NA | NA | $0.00 |
| | Adriana Samperisi | | $1,260.88 | NA | NA | $0.00 |
| | Anthony Smith | | $1,221.21 | NA | NA | $0.00 |
| | Landon Miller | | $526.50 | NA | NA | $0.00 |
| | Carrie Phillips | | $1,200.00 | NA | NA | $0.00 |
| | Melinda Moore | | $2,000.00 | NA | NA | $0.00 |
| | Gary Thomas | | $12,000.00 | NA | NA | $0.00 |
| | Marcy Peck-Kohn | | $120.00 | NA | NA | $0.00 |

**EXHIBIT 6 – PRIORITY UNSECURED CLAIMS**

| CLAIM NO. | CLAIMANT | UNIFORM TRAN. CODE | CLAIMS SCHEDULED (from Form 6E) | CLAIMS ASSERTED (from Proofs of Claim) | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|---|
| | Sharon Whitacre | | $907.41 | NA | NA | $0.00 |
| | Erica Olsen | | $1,321.38 | NA | NA | $0.00 |
| | Lorraine Barker | | $775.50 | NA | NA | $0.00 |
| | Casimir Pinkowski | | $3,461.52 | NA | NA | $0.00 |
| | Tara Hall | | $2,307.69 | NA | NA | $0.00 |
| | Gayle Kahn | | $1,320.00 | NA | NA | $0.00 |
| | Melissa Devito | | $1,523.08 | NA | NA | $0.00 |
| | Steven Thomas | | NA | NA | NA | $0.00 |
| **TOTAL PRIORITY UNSECURED CLAIMS** | | | $55,037.16 | $0.00 | $0.00 | $0.00 |

**EXHIBIT 7 – GENERAL UNSECURED CLAIMS**

| CLAIM NO. | CLAIMANT | UNIFORM TRAN. CODE | CLAIMS SCHEDULED (FROM Form 6F) | CLAIMS ASSERTED (FROM Proofs of Claim) | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|---|
| | 1527 Associates | | $79,934.29 | NA | NA | $0.00 |
| | Aliso Viejo Self Storage | | $725.00 | NA | NA | $0.00 |
| | American Recovery Services, Inc. | | $120.24 | NA | NA | $0.00 |
| | American Recovery Services, Inc. | | $119.62 | NA | NA | $0.00 |
| | American Recovery Services, Inc. | | $111.56 | NA | NA | $0.00 |
| | AT&T | | $2,525.68 | NA | NA | $0.00 |
| | AT&T | | $912.06 | NA | NA | $0.00 |
| | AT&T Long Distance | | $18.78 | NA | NA | $0.00 |
| | AT&T Long Distance | | $278.72 | NA | NA | $0.00 |
| | AT&T Long Distance | | $164.11 | NA | NA | $0.00 |
| | Baker St. Self Storage | | $65.00 | NA | NA | $0.00 |
| | Capital One | | $42,552.14 | NA | NA | $0.00 |
| | Charles M. Farano | | NA | NA | NA | $0.00 |
| | Coast To Coast | | $2,881.85 | NA | NA | $0.00 |

**EXHIBIT 7 – GENERAL UNSECURED CLAIMS**

| CLAIM NO. | CLAIMANT | UNIFORM TRAN. CODE | CLAIMS SCHEDULED (FROM Form 6F) | CLAIMS ASSERTED (FROM Proofs of Claim) | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|---|
| | Collection Bureau of America | | $4,755.94 | NA | NA | $0.00 |
| | Corporation Services, Inc. | | $494,480.20 | NA | NA | $0.00 |
| | Davis Family Management | | $66,991.68 | NA | NA | $0.00 |
| | DMR Communications | | $38,000.00 | NA | NA | $0.00 |
| | Evolve Partners | | $12,681.84 | NA | NA | $0.00 |
| | F.A.S.T. Fire Pro & Associates | | $105.00 | NA | NA | $0.00 |
| | FedEx | | $205.28 | NA | NA | $0.00 |
| | FedEx | | $2,719.70 | NA | NA | $0.00 |
| | FedEx | | $185.21 | NA | NA | $0.00 |
| | Financial Pacific Leasing, LLC | | $1,990.73 | NA | NA | $0.00 |
| | First American SMS | | $13,011.80 | NA | NA | $0.00 |
| | Gary Thomas | | $4,196,249.87 | NA | NA | $0.00 |
| | GE Capital | | $4,094.23 | NA | NA | $0.00 |
| | GE Capital | | $7,210.79 | NA | NA | $0.00 |
| | Great American E&S Insurance | | NA | NA | NA | $0.00 |
| | Greater Alarm | | $374.85 | NA | NA | $0.00 |
| | Harbin & McCarron | | $742,458.19 | NA | NA | $0.00 |
| | Heritage Orcas Partners, LP | | $2,399.31 | NA | NA | $0.00 |
| | I.C. System, Inc. | | $79.24 | NA | NA | $0.00 |
| | J.T. Development Co., LLC | | $40,325.51 | NA | NA | $0.00 |
| | Jeffrey H. Silvers | | $150,000.00 | NA | NA | $0.00 |
| | Jose & Sheryl Urdaneta | | $100,000.00 | NA | NA | $0.00 |
| | Laguna Woods Self Storage | | $612.00 | NA | NA | $0.00 |
| | Laser-Tech Services | | $2,679.38 | NA | NA | $0.00 |
| | Leaf | | $6,243.07 | NA | NA | $0.00 |
| | Leaf | | $1,004.16 | NA | NA | $0.00 |
| | Lee Tran Nguyen | | $429,344.00 | NA | NA | $0.00 |
| | Lindy Office Products | | $6,503.95 | NA | NA | $0.00 |

**EXHIBIT 7 – GENERAL UNSECURED CLAIMS**

| CLAIM NO. | CLAIMANT | UNIFORM TRAN. CODE | CLAIMS SCHEDULED (FROM Form 6F) | CLAIMS ASSERTED (FROM Proofs of Claim) | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|---|
| | Lone Wolf Real Estate | | $6,240.00 | NA | NA | $0.00 |
| | Michael & Christine French | | $117,797.32 | NA | NA | $0.00 |
| | Michael & Michele McGrath | | $205,000.00 | NA | NA | $0.00 |
| | Monarch Beach Realty | | $123,000.00 | NA | NA | $0.00 |
| | Monika Scott | | $127,883.00 | NA | NA | $0.00 |
| | NCO Financial Systems | | $154.07 | NA | NA | $0.00 |
| | Pacific Bayside Plaza | | $19,013.56 | NA | NA | $0.00 |
| | Palitex Balloon | | $443.41 | NA | NA | $0.00 |
| | Paul & Stephanie Gomez | | $12,500.00 | NA | NA | $0.00 |
| | Pepper Hamilton LLP Attorneys | | $10,000.00 | NA | NA | $0.00 |
| | Performance Building Services | | $46,805.77 | NA | NA | $0.00 |
| | Phil & Jennille Holmes | | $200,000.00 | NA | NA | $0.00 |
| | Pitney Bowes Global Financial | | $2,619.02 | NA | NA | $0.00 |
| | Premium Financing Specialists | | $13,355.93 | NA | NA | $0.00 |
| | Premium Financing Specialists | | $275.63 | NA | NA | $0.00 |
| | R.E.S.S. | | $1,302.02 | NA | NA | $0.00 |
| | RMS | | $44,935.65 | NA | NA | $0.00 |
| | RMS | | $414.43 | NA | NA | $0.00 |
| | Robert V. McMahon, Esq. | | NA | NA | NA | $0.00 |
| | Ronald & Leota Zeffer | | $948,659.00 | NA | NA | $0.00 |
| | San Diego Gas & Electric | | $368.00 | NA | NA | $0.00 |
| | Scott M. Dalton | | NA | NA | NA | $0.00 |
| | Sheri O'Neill Ronald Munson | | $569,751.61 | NA | NA | $0.00 |
| | Southern California Shredding, | | $250.00 | NA | NA | $0.00 |
| | Sparkletts | | $683.85 | NA | NA | $0.00 |
| | Sparkletts | | $48.44 | NA | NA | $0.00 |
| | Spectrum Gas Products | | $354.52 | NA | NA | $0.00 |
| | Sprint | | $125.76 | NA | NA | $0.00 |

**EXHIBIT 7 – GENERAL UNSECURED CLAIMS**

| CLAIM NO. | CLAIMANT | UNIFORM TRAN. CODE | CLAIMS SCHEDULED (FROM Form 6F) | CLAIMS ASSERTED (FROM Proofs of Claim) | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|---|
| | Stamps.com | | $71.96 | NA | NA | $0.00 |
| | Telepacific | | $56,486.55 | NA | NA | $0.00 |
| | The Orange County Register | | $34,400.00 | NA | NA | $0.00 |
| | ThyssenKrupp Elevator | | $1,431.48 | NA | NA | $0.00 |
| | Times Community News | | $11,000.00 | NA | NA | $0.00 |
| | Travelers | | $570.95 | NA | NA | $0.00 |
| | UPS | | $170.22 | NA | NA | $0.00 |
| | UPS | | $422.50 | NA | NA | $0.00 |
| | Verizon Communications | | $92.31 | NA | NA | $0.00 |
| | Wells Fargo Financial Leasing | | $2,940.00 | NA | NA | $0.00 |
| | Wendy C. Lascher, Esq. | | NA | NA | NA | $0.00 |
| | Western Exterminator Company | | $169.50 | NA | NA | $0.00 |
| | William F. & Cecile D. Cote | | $10,000.00 | NA | NA | $0.00 |
| **TOTAL GENERAL UNSECURED CLAIMS** | | | $9,024,851.44 | $0.00 | $0.00 | $0.00 |

Page 1

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Case No:  **11-11153**    Judge:  **Erithe A. Smith**    Trustee Name:  **Karen Sue Naylor**

Case Name:  **BENEFICIAL SERVICES, INC.**    Date Filed (f) or Converted (c):  **09/16/2011 (c)**

341(a) Meeting Date:  **10/20/2011**

For Period Ending:  **09/19/2019**    Claims Bar Date:  **01/18/2012**

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA) / Gross Value of Remaining Assets |
| 1.  Commission Claim (u) Order entered 09/05/12 [Doc 151] granting Chapter 7 Trustee's motion [Doc 148] for order approving agreement to assign claims and rights between the Estate and Phillip Jasso.  The estate's share is 20% of the $48,750 which equals $9,750.00.  NOTE: This asset was reserved as unadministered by the Former Chapter 7 Trustee, John M. Wolfe, in his Trustee's Final Report [Doc 187, Page 6] | 0.00 | 5,688.74 |  | 5,688.74 | FA |

**Gross Value of Remaining Assets**

**TOTALS (Excluding Unknown Values)**    0.00    5,688.74    5,688.74    0.00

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

**\*\*\*NOTE: CASE REOPENED PURSUANT TO ORDER ENTERED 09/12/18 [Doc 208]**

**TAXES - Trustee was informed by her accountant that tax returns must be prepared and under the circumstances, Trustee Accountant agreed to prepare them pro bono.  Tax returns have been prepared and a tax clearance letter has been received**
**ASSETS - Commission Claim that was reserved as unadministered by the Former Chapter 7 Trustee, John M. Wolfe, in his TFR [Doc 187, Page 6]**
**INSURANCE - N/A**
**LITIGATION - N/A**
**OPERATING ORDER - N/A**
**STATUS - Detailed narrative to follow:**
**On January 16, 2011, the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11, United States Code. The Debtor's case was converted to a Chapter 7 on September 16, 2011.  John M. Wolfe was appointed the Chapter 7 Trustee.  Mr. Wolfe employed Shulman, Hodges & Bastian, LLP ("SHB") as his counsel to represent him this matter.**

**Mr. Wolfe administered the assets of the estate with the exception of a "Commissions Claim" which was left unadministered as identified in the Chapter 7 Trustee's Final Report and Account filed on December 21, 2016**

**Exhibit 8**

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Case No:  **11-11153**                      Judge:  **Erithe A. Smith**                        Trustee Name:  **Karen Sue Naylor**
Case Name:  **BENEFICIAL SERVICES, INC.**                                              Date Filed (f) or Converted (c):  **09/16/2011 (c)**
                                                                                                              341(a) Meeting Date:  **10/20/2011**
For Period Ending:  **09/19/2019**                                                          Claims Bar Date:  **01/18/2012**

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA) / Gross Value of Remaining Assets |

and approved by Court order entered March 31, 2017.  The case was Chapter 7 administratively insolvent.  The case was subsequently closed by the Court on July 19, 2017.

More specifically, the asset identified as "Commission Claim" resulted from an Agreement to Assign Claims and Rights of the Estate to its former agent, Phillip Jasso for a commission from the sale of real property located at 8 Cottonwood, Newport Coast, California against George Hanold and his affiliated companies, partnership and agents, including without limitation, Manhatten Star Financial and Hanold Properties.  As the former broker of record, the Estate held title to the claim and would have been entitled to ten percent (10%) of the total commission.  Pursuant to the terms of the Agreement, Jasso was to prosecute the claim and would share twenty percent (20%) of the total recovery with the estate after the costs of prosecuting the claim.

On August 9, 2012, the former trustee filed a motion to approve the Agreement to Assign Claims and Rights and by order entered September 5, 2012 [Doc. 151] the Court approved the agreement.  As indicated above, the former trustee proceeded with the final report by leaving this asset unadministered as it had not yet been liquidated.

On July 17, 2018, the Office of the United States Trustee filed a Motion to Reopen the Case [Doc. 203] as it appeared that this asset had ultimately been liquidated.  Specifically, pursuant to the Motion to Reopen, the former trustee received communication from First American Title that funds in the amount of $50,000.00 had been turned over to Marshack Hays in satisfaction of a judgment that had been assigned to Jasso as set forth above.

By order entered September 12, 2018, the Court ordered the case reopened and directed the appointment of a Chapter 7 Trustee.  On September 20, 2018, Karen Sue Naylor filed her Notice of Appointment and Acceptance of Trustee.

After her appointment, the Trustee contacted the law firm of Marshack Hays on September 25, 2018 and was informed that they had received the $50,000.00 that was the subject of the Assignment.  The Trustee was further informed that according to their calculations, Marshack Hays was entitled to $21,556.32 as their fees, Phillip Jasso was entitled to $22,754.94 as his share of the eighty percent (80%) of the "net proceeds" and this estate was entitled to $5,688.74 as twenty percent (20%) of the "net proceeds."

The Trustee then contacted Shulman, Hodges & Bastian, LLP given their involvement in the case to confirm whether they agreed with the calculations set forth above and was informed that they did.  As a result, on September 27, 2018, the Trustee made demand for turnover of the funds belonging to the estate.  On or about October 1, 2018, the Trustee received and deposited the funds.

In the meantime, the Trustee reviewed the file to obtain the background information regarding the case in order to understand the status of the case and determine what further actions were required.  The Trustee also reviewed the prior final report to obtain an understanding of who was entitled to a distribution from the funds collected.

In particular, upon her appointment, the Trustee reviewed the file and noted that the case was Chapter 7 administratively insolvent.  Specifically, on October 13, 2016, SHB filed its Third and Final Application for Approval of Fees and Reimbursement of Expenses.  By way of this Application, SHB sought confirmation of its prior award for fees and expenses in the amount of $64,793.00 and $3,381.06 respectively.  It also sought fees that were not allowed in the first and second applications totaling $97,160.00 without prejudice to them seeking the fees in the final application.  As a result, SHB sought in the final application the balance of its unpaid fees totaling $97,160.00.

On March 31, 2017, the Court entered the Order [Doc. 195] on the Final Fee Applications and noted that John M. Wolfe and SHB agreed to subordinate their allowed fees and expenses to all other Chapter 7 Administrative

**Exhibit 8**

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Case No:  **11-11153**                     Judge:  **Erithe A. Smith**                                           Trustee Name:  **Karen Sue Naylor**
Case Name:  **BENEFICIAL SERVICES, INC.**                                                      Date Filed (f) or Converted (c):  **09/16/2011 (c)**
                                                                                                               341(a) Meeting Date:  **10/20/2011**
For Period Ending:  **09/19/2019**                                                                      Claims Bar Date:  **01/18/2012**

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA) / Gross Value of Remaining Assets |

Claims.  Additionally, it was noted in the order that SHB was allowed $97,160.00 and that such fees were approved up to the amount of funds in the estate to pay them.

The Trustee then reviewed the former Trustee's Final Distribution Report [Doc. No. 201] filed on July 6, 2017 and noted that all Chapter 7 administrative fees were paid in full with the exception of SHB.  Rather SHB was allowed $161,953.00 in total fees and paid $121,155.95 leaving a balance of $40,797.05.

The Trustee thereafter communicated with the Debtor's counsel, Scott Williams, and SHB regarding review of the file and the fact that it appeared that the funds to be distributed were to be paid to SHB.  Both Scott Williams and SHB concurred that the funds should be distributed to SHB on the balance of their Chapter 7 Administrative Claim.

On September 27, 2018, the Trustee conferred with her accountant regarding whether Estate tax returns were required to be filed.  The Trustee learned that despite the nominal amount to be received, a corporation is still required to file tax returns.  In order to minimize the costs to the estate, the Trustee's accountant graciously agreed to prepare the estate's tax returns pro bono.

The Trustee thereafter sought to obtain a copy of the Debtor's tax returns for her accountant's review and determination of whether the Debtor was an S corporation or a C corporation.  The Trustee forwarded all information obtained to her accountant.

On April 12, 2019, the Trustee requested preparation of estate's final tax returns.  On April 19, 2019, the Trustee received, reviewed, executed, and returned to the accountants for filing with the taxing authorities the estate's final tax returns.  On June 3, 2019, the Trustee received the tax clearance letter.

On June 4, 2019, the Trustee filed the request for court costs.  On June 4, 2019, the clerk docketed the notice of court costs due which indicated that $260.00 in costs were due for the reopening fee.

Based on the nominal funds received and the outstanding Chapter 7 administrative claims, the case unfortunately remains Chapter 7 administratively insolvent.

The following timeline represents only entries relevant to the Successor Trustee's Administration of the Estate:
01/16/11 - Debtor files Chapter 11 petition
09/16/11 - Case converted to Chapter 7 and John Wolfe appointed Chapter 7 Trustee
08/09/11 - Wolfe files motion to Approve Agreement to Assign Claims and Rights against George Hanold et. al. to Jasso in exchange for 20% of "net" recovery
09/05/12 - Order entered approving Agreement to Assign Claims [Doc. 151]
10/13/16 - SHB files Third & Final Application for Fees -- SHB sought confirmation of its prior award for fees and expenses in the amount of $64,793.00 and $3,381.06 respectively.  It also sought fees that were not allowed in the first and second applications totaling $97,160.00 without prejudice to them seeking the fees in the final application.  As a result, SHB sought in the final application the balance of its unpaid fees totaling $97,160.00.
12/21/16 - Wolfe files Trustee's Final Report leaving Assigned Claim Unadministered

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Case No:  **11-11153**                Judge:  **Erithe A. Smith**                Trustee Name:  **Karen Sue Naylor**
Case Name:  **BENEFICIAL SERVICES, INC.**                                        Date Filed (f) or Converted (c):  **09/16/2011 (c)**
                                                                                  341(a) Meeting Date:  **10/20/2011**
For Period Ending:  **09/19/2019**                                                Claims Bar Date:  **01/18/2012**

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA) / Gross Value of Remaining Assets |

**03/31/17** - Order entered on the Final Fee Applications -- Order noted that John M. Wolfe and SHB agreed to subordinate their allowed fees and expenses to all other Chapter 7 Administrative Claims.  Additionally, it was noted in the order that SHB was allowed $97,160.00 and that such fees were approved up to the amount of funds in the estate to pay them.
**03/31/17** - Court enters order approving Wolfe's Final Report
**07/06/17** - Wolfe files Trustee's Final Distribution Report -  All Chapter 7 Fees paid in full except SHB.  SHB was allowed $161,953.00 in total fees and paid $121,155.95 leaving a balance of $40,797.05
**07/19/17** - Case was closed
**05/10/18** - Marshack Hays emails SHB re receipt of funds from Assigned Claim and calculated proposed distributions
**07/09/18** - Wolfe receives communication from First American Title that funds in the amount of $50,000 were turned over to Marshack Hays (per Motion to Reopen)
**07/17/18** - UST files Motion to Reopen Case [Doc. 203]
**09/12/18** - Order entered Reopening Case  and directing appt of Chapter 7 Trustee
**************************************************************
**09/20/18** - Trustee files Notice of Appointment and Acceptance as Trustee
**09/25/18** - Trustee contacts Kristine Thagard at Marshack Hays re fund
**09/25/18** - Trustee informed $50,000 was received and informed of the following breakdown: Marshack Hays was entitled to $21,556.32 as their fees, Phillip Jasso was entitled to $22,754.94 as his share of the eighty percent (80%) of the "net proceeds" and this estate was entitled to $5,688.74 as twenty percent (20%) of the "net proceeds."
**09/25/18** - Trustee communicates with Debtor's counsel Scott Williams and SHB to confirm understanding of case and where balance of fees should be paid
**09/27/18** - SHB informs Trustee that they agree to calculations provided by Marshack Hays
**09/27/18** - Trustee confirms with SHB balance of allowed but unpaid fees
**09/27/18** - Scott Williams concurs funds distributed to SHB
**09/27/18** - Trustee sends demand for turnover of funds to Marshack Hayes
**09/27/18** - Trustee emails accountant re whether tax returns would be required in this case.
**09/27/18** - Trustee receives confirmation that check will be issued today
**09/28/18** - Trustee opens estate's bank account
**10/01/18** - TCB confirmed estate's bank account is open and ready for deposits
**10/01/18** - Trustee deposits one (1) check in the amount of $5,688.74 from Marshack Hays LLP as reserved asset re estate's beneficial interest in commission claim
**04/12/19** - Email to Don requesting flat fee employment at $750 and ready for prep of returns
**04/12/19** - Email from Don re given the unusual circumstances of this case, he'll prepare the returns pro bono and FTB could file an admin claim for $800 per year from 2012 plus penalties and interest
**04/19/19** - Trustee reviews, executes, and returns estate's final tax returns to Accountant
**06/03/19** - Tax Clearance Letter dated 05/23/19 received
**06/04/19** - Trustee files Request for Court Costs [Doc 212]
**06/04/19** - Trustee served with Notice of Court Costs Due [Doc 213]--Reopening Fees $260.00
**06/05/19** - Trustee begins preparation of the Uniform Final Report
**06/07/19** - Trustee serves Final Report on Office of the United States Trustee for review, comment and/or approval; 60-day deadline on 08/06/19
**06/07/19** - Trustee files Chapter 7 Trustee's Notice of Submission of Final Report to U.S. Trustee [Doc 215]

**Exhibit 8**

Page 5

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

| Case No:  **11-11153** | Judge:  **Erithe A. Smith** | Trustee Name:  **Karen Sue Naylor** |
|---|---|---|
| Case Name:  **BENEFICIAL SERVICES, INC.** | | Date Filed (f) or Converted (c):  **09/16/2011 (c)** |
| | | 341(a) Meeting Date:  **10/20/2011** |
| For Period Ending:  **09/19/2019** | | Claims Bar Date:  **01/18/2012** |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA) / Gross Value of Remaining Assets |

**06/27/19 -** Call from Philip Green to inquire why Trustee is prorating her cap. Trustee replied.  Per Mr. Green okay to get hearing date

**06/28/19 -** AC spoke with Audrey at Judge Smith's and obtained hearing date of 08/08/19 10:30 5A

**06/28/19 -** AC revised NFR with hearing date and time and electronically submitted all Uniform Reports to Phil Green at OUST

**06/28/19 -** OUST approves and files TFR and Notice [Docs 216&217]

**07/01/19 -** Trustee efiles Chapter 7 Trustee's Declaration in Support of Trustee's Final Report [Doc 218]

**07/04/19 -** Notice served by BNC [Doc 220]

**07/30/19 -** Call from Tina and Jeff at Judge Smith's chambers re Shulman Hodges & Bastian's fees were previously awarded on Order entered 03/31/17 [Doc 195] so no need to set their fees for hearing with TFR. They will take them off calendar and leave Trustee's fees and expenses and TFR on calendar.  Trustee is fine with that.

**08/08/19 -** Hearing on TFR 10:30 5A (AC lodged order #8794575.doc)

**08/14/19 -** Order [Doc 224] on Final Fee Applications Allowing Payment of: (1) Court and U.S. Trustee Fees; and (2) Final Fees and Expenses of Trustee and Professionals

**08/20/19 -** Trustee issues Check Nos. 51001 through 51005 as Final Checks pursuant to Order entered 08/14/19

**Initial Projected Date of Final Report(TFR) :** 12/31/2019        **Current Projected Date of Final Report(TFR) :** 12/31/2019

**Trustee's Signature**    /s/Karen Sue Naylor                **Date:**  09/19/2019
                     Karen Sue Naylor
                     4343 Von Karman Avenue, Suite 300
                     Newport Beach, CA 92660-2098
                     Phone : (949) 748-7936

**Exhibit 8**

FORM 2

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Page 1

| | | |
|---|---|---|
| **Case No:** 11-11153 | **Trustee Name:** Karen Sue Naylor | |
| **Case Name:** BENEFICIAL SERVICES, INC. | **Bank Name:** Texas Capital Bank | |
| | **Account Number/CD#:** ******7927 | |
| **Taxpayer ID No:** **-***6995 | **Account Name** Checking Account | |
| **For Period Ending:** 9/19/2019 | **Blanket bond (per case limit):** 5,000,000.00 | |
| | **Separate bond (if applicable):** 0.00 | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or [Refer#] | Paid To / Received From | Description of Transaction | Uniform Trans. Code | Deposits($) | Disbursements($) | Account/ CD Balance($) |
| 10/01/2018 | [1] | MARSHACK HAYS LLP | Funds on estate's beneficial interest in Reserved Asset-Commission Claim, Check No. 11389, dated 09/27/18 | 1249-000 | 5,688.74 | | 5,688.74 |
| 08/20/2019 | 51001 | KAREN SUE NAYLOR c/o Ringstad & Sanders LLP | Trustee's Compensation (pro-rata) R&S | 2100-000 | | 1,003.59 | 4,685.15 |
| 08/20/2019 | 51002 | KAREN SUE NAYLOR c/o Ringstad & Sanders LLP | Trustee's Expenses (pro-rata) R&S | 2200-000 | | 175.85 | 4,509.30 |
| 08/20/2019 | 51003 | US BANKRUPTCY COURT 411 W FOURTH STREET, SUITE 2030 SANTA ANA, CA 92701 | Court Costs ($260.00--Reopening Fees) as reflected on Notice of Court Costs Due filed 06/04/19 [Doc 213] and paid pursuant to Order Allowing Administrative Claims entered 08/14/19 [Doc 224]. | 2700-000 | | 260.00 | 4,249.30 |
| 08/20/2019 | 51004 | SHULMAN, HODGES & BASTIAN, LLP 100 SPECTRUM CENTER DRIVE, STE 600 IRVINE , CA 92618 | Professional Fees (pro-rata) paid pursuant to TFR [Doc 216] and prior Order entered 03/31/17 [Doc 195] | 3210-000 | | 2,080.80 | 2,168.50 |
| 08/20/2019 | 51005 | FRANCHISE TAX BOARD, BANKRUPTCY SECTION MS A340 PO Box 2952 Sacramento, CA 95812 | FINAL DISTRIBUTION pursuant to Order entered 08/14/19 [Doc 224] | 2820-000 | | 2,168.50 | 0.00 |

| | | | Page Subtotals | | 5,688.74 | 5,688.74 | |

**Exhibit 9**

FORM 2
ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Page 2

| | |
|---|---|
| **Case No:** 11-11153 | **Trustee Name:** Karen Sue Naylor |
| **Case Name:** BENEFICIAL SERVICES, INC. | **Bank Name:** Texas Capital Bank |
| | **Account Number/CD#:** ******7927 |
| **Taxpayer ID No:** **-***6995 | **Account Name** Checking Account |
| **For Period Ending:** 9/19/2019 | **Blanket bond (per case limit):** 5,000,000.00 |
| | **Separate bond (if applicable):** 0.00 |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or [Refer#] | Paid To / Received From | Description of Transaction | Uniform Trans. Code | Deposits($) | Disbursements($) | Account/ CD Balance($) |

Page Subtotals

| | Deposits | Disbursements |
|---|---|---|
| **COLUMN TOTALS** | 5,688.74 | 5,688.74 |
| Less:Bank Transfer/CD's | 0.00 | 0.00 |
| **SUBTOTALS** | 5,688.74 | 5,688.74 |
| Less: Payments to Debtors | | 0.00 |
| **Net** | 5,688.74 | 5,688.74 |

| | |
|---|---|
| All Accounts Gross Receipts: | 5,688.74 |
| All Accounts Gross Disbursements: | 5,688.74 |
| All Accounts Net: | 0.00 |

| TOTAL-ALL ACCOUNTS | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| ******7927 Checking Account | 5,688.74 | 5,688.74 | |
| **Net Totals** | 5,688.74 | 5,688.74 | 0.00 |

**Exhibit 9**